565 N.E.2d 1086 (1991)
Vickie CONQUEST, Appellant-Petitioner,
v.
STATE Employees' Appeals Commission and Indiana Department of Correction, Appellees-Respondents.
No. 41A01-9008-CV-336.
Court of Appeals of Indiana, First District.
January 28, 1991.
Transfer Denied June 21, 1991.
*1087 David T. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant-petitioner.
Linley E. Pearson, Atty. Gen. and Michael A. Schoening, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees-respondents.
RATLIFF, Chief Judge.

STATEMENT OF THE CASE
Vickie Conquest appeals the trial court's decision affirming the State Employees' Appeals Commission's and Indiana Department of Corrections' denials of a grievance. We affirm.

FACTS
Conquest has been employed as a parole officer for ten years for the Indiana Department of Corrections (IDC). Her duties include "home visits" every six months to evaluate parolees. The IDC maintains a policy that parole officers must adjust their home visit schedules to meet with parolees without interfering with the parolees' work schedules.
On May 14, 1987, Steven Keever, Conquest's supervisor, informed Conquest of the new department policy that parole officers could not schedule an appointment with the parolee that would cause the parolee to miss work. Prior to the new rule, Conquest usually scheduled home visits during regular office hours between 8:15 a.m. and 4:45 p.m., and if possible, during lunch.
Conquest filed a grievance complaint on May 19, 1987, seeking relief from the new rule. Although Supervisor Keever and IDC Commissioner Shettle admitted that no written policy regarding home visits at the parolee's convenience existed, IDC argued at the State Employees' Appeals Commission (SEAC) hearing that an unwritten rule existed. The SEAC concluded 31 IAC 2-11-1 ("Rule 11-1") justified the IDC's policy.
Conquest sought review from the Johnson County Circuit Court, which affirmed the SEAC's ruling. Conquest brings this appeal.

ISSUES
We restate the issues presented for review as:
1. Whether the IDC's policy that parole agents conduct home visits at the parolee's convenience is void because it is an unpromulgated rule.
2. Whether the trial court's decision is unsupported by the evidence and an abuse of discretion.

DISCUSSION AND DECISION

Issue One
Conquest contends that IDC's policy is an unpromulgated rule, and therefore, void. However, the SEAC adopted the Hearing Officer's findings and conclusions holding that the policy fell within the scope of an existing rule. Specifically, the SEAC found the IDC maintained the policy that parole agents must schedule home visits at the parolee's convenience and not during the parolee's working hours if the parolee would miss work. Record at 27. The SEAC further found that Rule 11-1 authorized the IDC to maintain such policy. Record at 28.
IDC's policy does not constitute a rule under the Administrative Rulemaking Act. Section 3 of the Administrative Rulemaking Act, IND. CODE § 4-22-2-3, defines "rule" as follows:

*1088 "(b) `Rule' means the whole or any part of an agency statement of general applicability that: (1) Has or is designed to have the effect of law; and (2) Implements, interprets, or prescribes: (A) Law or policy; or (B) The organization, procedure, or practice requirements of an agency."
Rulemaking which relates solely to internal policy, procedure, or organization, and which does not have the effect of law is not subject to the statutory requirements of I.C. § 4-22-2 et seq. Department of Environmental Management v. AMAX (1988), Ind. App., 529 N.E.2d 1209, 1212; I.C. § 4-22-2-13. Here, the home visit policy directly impacts upon parole agents' conduct. See AMAX, 529 N.E.2d at 1213. The home visit policy affects parole agents' work hours and therefore, is an internal policy, not an administrative rule. Id. The SEAC and the trial court correctly rejected Conquest's contention that the policy was an unpromulgated rule without effect.
Additionally, we agree with the trial court that the appointing authority had the power to establish such policy. The relevant portion of Rule 11-1 provides, "Shift hours shall be established by the appointing authority. Assignment of employees to specific shifts shall be the prerogative of the appointing authority." Conquest's supervisor had the authority to establish the policy which directed parole agents to adjust their shift hours to accommodate parolees when scheduling home visits.
We agree with the SEAC and the trial court that the internal policy did not constitute an unpromulgated rule, and the supervisor had the discretion to establish such policy under Rule 11-1.

Issue Two
Conquest contends the SEAC's denial of relief is not supported by substantial evidence. Our review entails a two-pronged analysis. First, we must determine whether the evidence in the record justifies the findings of fact. Next we review whether the findings sufficiently support the Commission's conclusions. Furr v. Review Board of Indiana Employment Security Division (1985), Ind. App., 482 N.E.2d 790, 794. We consider only the evidence most favorable to the agency's decision, and reverse only if reasonable men would reach a different conclusion. Id.; Beene v. Review Board of Indiana Department of Employment & Training Services (1988), Ind. App., 528 N.E.2d 842, 844.
Conquest admits some evidence was presented by Keever to support the SEAC's findings and conclusions. Appellant's brief at 17-18. Nevertheless, Conquest argues Keever's statements were self-serving anecdotes. We remind Conquest that we cannot reweigh the evidence even where evidence is conflicting. See Calvary Temple Church, Inc. v. Paino (1990), Ind. App., 555 N.E.2d 190, 193. Upon review of the record, we conclude that sufficient evidence was presented to support the SEAC's and the trial court's findings and conclusions.
Conquest next contends the trial court decision was an arbitrary, capricious abuse of discretion. Essentially, Conquest argues the home visit policy is unreasonable and the trial court erred in not reversing the SEAC. However, the trial court is restricted by a narrow standard of review. A court reviewing an administrative decision determines whether the agency had jurisdiction and whether the decision followed proper legal procedure, was based upon substantial evidence, and did not violate any constitutional, statutory, or legal principle. State Board of Tax Commissioners v. Jewell Grain Co. (1990), Ind., 556 N.E.2d 920, 921. The reviewing court cannot replace the administrative decision merely because the court would have reached a different result. Thomas v. Review Board of the Department of Employment & Training Services (1989), Ind. App., 543 N.E.2d 397, 399. The trial court may reverse the agency for an arbitrary, capricious abuse of discretion if the uncontradicted facts support a conclusion contrary to that reached by the agency. Fruehauf Corp. v. Review Board of the Indiana Employment Security Division (1983), Ind. App., 448 N.E.2d 1193, 1197.
We have determined that Conquest's supervisor had the authority to establish the *1089 home visit policy. We also have found sufficient evidence to support the findings and conclusions of the SEAC. Conquest fails to prove an abuse of discretion occurred. We affirm the trial court's decision upholding the SEAC's determination.
Affirmed.
ROBERTSON and BUCHANAN, JJ., concur.