FRUEHAUF CORPORATION, Appellant (Defendant Below),

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams, and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Duane E. Ragan, Appellees (Plaintiffs Below).

No. 2-282A62.

Court of Appeals of Indiana, Fourth District.

April 12, 1983.

James P. Fenton, Barrett, Barrett & McNagny, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

MILLER, Judge.

Appellant Fruehauf Corporation (Fruehauf) challenges a decision of the Review Board of the Indiana Employment Security Division which declared its former employee, Duane E. Ragan, eligible for unemployment compensation. The Review Board scheduled a hearing on Ragan's claim for Monday, November 30, 1981, and mailed notice of this hearing to the parties involved on Monday, November 23, 1981. Because of an intervening Thanksgiving holiday, however, the responsible party at Fruehauf did not receive the notice until after the hearing had already taken place. When its efforts to reach the referee were unavailing and a decision against it was rendered in its absence, Fruehauf appealed to the Review Board and, pursuant to and in compliance with pertinent regulations, made application to appear and introduce additional evidence. The Review Board refused Fruehauf's offer of additional evidence and adopted the referee's decision as its own. We reverse, finding the Board abused its discretion in refusing to hear additional evidence under the facts presented herein.

## FACTS

Duane E. Ragan was employed as a welder at Fruehauf's Fort Wayne plant from 1973 to September 21, 1981. The events leading to his discharge occurred during a work break on September 21, 1981, when Fruehauf supervisory personnel observed Ragan smoking in a secluded shed on company property and saw him extinguish a cigarette and place it in his pocket. He was confronted by the Fruehauf supervisors, who, upon noticing an unusual odor, accused him of possessing marijuana and ordered him to empty his pockets. Ragan denied having marijuana, but refused to empty his pockets. After this refusal, he was suspended and then terminated following a meeting held to review the incident.

Ragan then filed for unemployment benefits under the Indiana Employment Security Act (Ind.Code 22–4–1–1 et seq.). After his claim was denied by a claims deputy on October 29, 1981, he requested a hearing before an appeals referee, which hearing was set for 11:00 A.M., Monday, November 30, 1981. The Review Board mailed Ragan and Fruehauf a "Notice of the Referee Hearing" dated Monday, November 23, 1981. However, the Thanksgiving holiday intervened, and on Thursday, November 26, 1981, before the notice was received, Fruehauf closed its plant for a four-day Thanksgiving holiday weekend. The notice was received by William S. Johnstone, the Fruehauf representative who was to have presented the company's case to the referee, at 1:00 P.M. on Monday, November 30, 1981, some two hours after the hearing had already taken place.

Ragan did appear at the hearing and presented his case before Referee James M. Martin. That same day, after the hearing, Martin declared Ragan eligible for benefits and entered the following findings and conclusions:

"FINDINGS AND CONCLUSION: The claimant worked for this employer as a welder I on the first shift from February 20th, 1973, to September 21st, 1981.

On September 21st, 1981, the claimant was suspended by the employer pending further investigation after the claimant had been accused of being in the possession of marijuana. The claimant was terminated from employment on October 1st, 1981.

The claimant stated that he was discharged by the employer because he had been accused of being in the possession of marijuana, and he had been accused of disobeying an order.

The claimant denied that he had been in the possession of marijuana at the time of his suspension, and that he was not given any direct orders, nor warned by the employer that he was violating any direct orders.

In the absence of evidence from the employer, and in consideration of the testimony of the claimant, the referee must conclude that the claimant was discharged but not for a just cause, within the meaning of Chapter 15–1 of the Act. DECISION: The deputy's determination is reversed. The claimant was discharged, but not for just cause. The claimant, if otherwise eligible, is entitled to benefits."

Fruehauf, upon learning of the decision, filed a request for appeal to the Review Board, along with an application to introduce additional evidence. In these documents, Fruehauf explained the notice problem and described how Johnstone had attempted to contact Referee Martin on the hearing date, but was unable to reach him until the following day. Fruehauf reaffirmed its position that Ragan was discharged for just cause for using alcohol or drugs on employer's premises during working hours and refusing to obey instructions. It further asserted that its claims could be substantiated through testimony which it was unable to present because of the untimely receipt of notice.

The Review Board issued a decision adopting the findings and conclusions of the referee on December 29, 1981. It denied Fruehauf's request to present additional evidence, finding Fruehauf failed to attend the hearing although duly notified of time and place and further finding that Fruehauf had not shown that the proffered evidence was unavailable at the time of the referee hearing or that any of its rights had been denied. Fruehauf then perfected the instant appeal.

1. Similar provisions requiring at least five days notice are contained in 640 IAC 1–11–1 and –16

## DISCUSSION & DECISION

At the start of our analysis, we turn our attention to the statutory and regulatory provisions governing notice of referee hearings. Pertinent to our decision is Ind.Code 22–4–17–6, which states in relevant part:

"Provided, That with respect to any hearing before a referee held pursuant to section 1803 hereof, *each party to such hearing shall be mailed a notice of such hearing at least five (5) days before the date of the hearing specifying the place and time of the hearing and identifying the issues to be decided.*" (Emphasis added.)[1]

Testing the facts of notice in this cause against the statutory direction referred to above, we observe the "Notice of Referee Hearing" herein was dated (and presumably mailed) November 23, 1981 for the hearing set for November 30, 1981. Thus, on its face, the notice fulfilled the letter of the statutory requirements. Nevertheless, on appeal to the Review Board and again before this court, Fruehauf has pointed out that it in fact received *no* prior notice of the hearing because of the Thanksgiving holiday. At oral argument before this court, the Review Board did not dispute Fruehauf's assertion that Johnstone did not receive the mailed notice until after the hearing had already taken place, but declared the Board's actions were legally sufficient. We disagree.

In deciding the case before us, we first observe that the Review Board, while an administrative body, is vested with quasi-judicial powers. *Thomas v. Review Board of Ind. Emp. Sec. Div.* (1971) 149 Ind.App. 638, 274 N.E.2d 533. Accordingly, while the Review Board is allowed wide latitude in conducting its hearings, due process must be accorded a party whose rights will be affected. *Ladd v. Review Board of Ind. Emp. Sec. Div.* (1971) 150 Ind.App. 632, 276 N.E.2d 871. Consequently, the right to notice assumes constitutional dimension here—due process requires

(1979 Ed.)

that an employer be given notice and an opportunity to be heard at Review Board proceedings. *Whirlpool Corp. v. Review Board of Ind. Emp. Sec. Div.,* (1982) Ind. App., 438 N.E.2d 775.

In the instant case, there is no dispute the Thanksgiving holiday prevented Fruehauf from receiving notice in time to appear at the hearing in order to defend its position and protect its rights.[2] Thus, we might rest our holding upon the proposition that the notice provision involved here, while apparently valid and constitutional on its face,[3] operated unconstitutionally under the instant facts. However, it is unnecessary for us to address the constitutional issue of due process here, as we are able to base our decision on the regulations governing the claims process. In its brief, Fruehauf

points out that the Review Board "apparently concluded that the notice issued in this case on November 23, 1981 satisfied the regulation" (Appellant's Brief, p. 10) and refers us to that portion of the Review Board decision which states:

> "Employer failed to attend the referee hearing although duly notified of time and place. Employer's request to submit additional evidence is denied since there is no showing that said evidence was unavailable at the time of the referee hearing or that any of its rights have been denied."

 The applicable regulation, which allows the Review Board to accept additional evidence when the circumstances warrant such action, is 640 IAC 1–11–8 (1979 Ed.)[4] It provides:

**2.** Although not pertinent to our disposition of this case, we briefly discuss an issue raised by Fruehauf concerning computation of time and the applicability of Ind.Rules of Procedure, Trial Rule 6(A) to this proceedings. That rule instructs in pertinent part:

> "*When the period of time allowed is less than seven [7] days,* intermediate Saturdays, Sundays, legal holidays, and days on which the office is closed shall be excluded from the computations."

Fruehauf relies on *Ball Stores, Inc. v. State Board of Tax Commissioners,* (1974) 262 Ind. 386, 316 N.E.2d 674, and *City of South Bend v. Users of Sewage Disposal Facilities of Clay Utilities, Inc.,* (1980) Ind.App., 402 N.E.2d 1267 to support its argument that T.R. 6(A) is applicable. It urges that November 26 (Thanksgiving), should be excluded from the notice computation, as should November 28, and 29 (Saturday and Sunday). If these days are excluded, Fruehauf contends, the Review Board actually gave only three days notice of the hearing, rather than the five required by statute.

Counsel for the Review Board conceded at oral argument that T.R. 6(A) is applicable in the instant situation. Nevertheless, the Board asserts that the final provision of T.R. 6(A), which excludes intermediate Saturdays and holidays, is inapplicable under the facts of the instant case because it did, in fact, allow a full 7-day period for notice, and the rule applies only when the time period is "less than seven days." Because of our disposition of this case, however, we need not decide whether the Review Board's argument renders the final portion of T.R. 6(A) irrelevant to this controversy.

**3.** In *Eves v. Iowa Employment Security Commission,* (1973) Iowa, 211 N.W.2d 324, where a statute required the agency to provide a rea-

sonable opportunity for fair hearing and a regulation adopted thereunder provided notice be sent at least seven days before the date of the hearing, the court addressed the constitutionality of such limited notice as follows:

> "The determination of this cause does not require us to strike down for all situations the Commission's ruling prescribing seven days' notice by ordinary mail. Parenthetically we observe, however, the Commission's rule has been in force since at least 1952. Such limited time of notice is of dubious validity when the recent and continuing breakdown in United States mail deliveries assumes proportions of a national disaster. This problem was touched on in *Goldberg v. Kelly,* 397 U.S. 254, 268, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287, 299 (1970), where the court spoke of a notice of termination of welfare benefits:
>
> 'We are not prepared to say that the seven-day notice currently provided by New York City is constitutionally insufficient *per se,* although *there may be cases where fairness would require that a longer time be given.*' (Emphasis supplied.)
>
> In the Goldberg case, the welfare recipient was afforded notice by both the seven-day letter and a personal conference with a caseworker."

211 N.W.2d at 326–27. The court concluded under the circumstances of that case, where it was undisputed the claimant Eves was on vacation and did not receive seven days notice, he was not given a reasonable opportunity for a fair hearing.

**4.** The statutory provision which governs the taking of additional evidence is Ind.Code 22–4–17–5, which provides, in pertinent part "[i]f

"Each hearing before the Review Board shall be confined to the evidence submitted before the referee unless the same is an original hearing. *Provided, however, the Review Board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the referee whose decision forms the basis of the appeal.*" (Emphasis added.)

This regulation concerning the Board's acceptance of additional evidence has the force and effect of law. *Gordon v. Review Board of Ind. Emp. Sec. Div.,* (1981) Ind.App., 426 N.E.2d 1364. The Review Board has no discretion to disregard its own regulations. *York v. Review Board of Ind. Emp. Sec. Div.,* (1981) Ind.App., 425 N.E.2d 707. Further, the Board's decision to accept or refuse additional evidence is reviewable. See *Davidson v. Review Board of Ind. Emp. Sec. Div.,* (1974) 160 Ind.App. 221, 311 N.E.2d 472; *Thomas Products Co. v. Review Board of Ind. Emp. Sec. Div.,* (1969) 145 Ind.App. 425, 251 N.E.2d 473. Thus, as in other circumstances where a matter is committed to administrative discretion, we may determine whether the Board's action constitutes an abuse of discretion and is arbitrary and capricious, as revealed by the uncontradicted facts. *Day Transfer, Inc. v. E.H. Hamilton Trucking & Warehouse Service, Inc.,* (1980) Ind.App., 408 N.E.2d 632; *City of Indianapolis v. Ingram,* (1978) 176 Ind.App. 645, 377 N.E.2d 877 (on rehearing).

■ Here, while we commend the Review Board for its attempt to expedite the hearing process, we are constrained to find an abuse of discretion in not granting a full hearing where facts such as those of the instant case are demonstrated to the Board. In only rare instances will the inadequacy of notice as revealed herein be presented to the Board. In such a situation, a short

delay will not impair the praiseworthy objective of declaring unemployment benefits, where warranted, under an accelerated system of review. Our decision is in keeping with the established goal of this jurisdiction to have our tribunals decide a controversy on its merits. *Breedlove v. Breedlove,* (1981) Ind.App., 421 N.E.2d 739; *Green v. Karol,* (1976) 168 Ind.App. 467, 344 N.E.2d 106.

Thus, in *Chrysler Corp. v. Reeves,* (1980) Ind.App., 404 N.E.2d 1147, our court cited with approval the proposition that "in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied" *id.* at 1153, *quoting Edgar v. Slaughter* (8th Cir.1977) 548 F.2d 770 and this principle has been applied in numerous cases where a party has suffered default, dismissal or an adverse judgment on the merits because of his failure to file an appearance, appear at trial, or obey court orders. See *Fulton v. Van Slyke,* (1983) Ind.App., 447 N.E.2d 628 (affirmance of trial court's reinstatement of estate claim where claimant failed to appear at trial of claim); *Henderson v. American Optical Co,* (1981) Ind.App., 418 N.E.2d 549, (affirmance of trial court order setting aside a default judgment where litigant showed surprise and excusable neglect); *Chrysler Corp. v. Reeves, supra* (reversal of default judgment entered for failure to comply with discovery orders); *Rose v. Rose,* (1979) Ind.App., 390 N.E.2d 1056, (reversal of the trial court's refusal to set aside dissolution decree when husband failed to appear at hearing); *Green v. Karol, supra* (affirmance of trial court's setting aside a default judgment when defendant failed to plead); *Kreczmer v. Allied Construction Co,* (1972) 152 Ind.App. 665, 284 N.E.2d 869 (affirmance of trial court's setting aside a default judgment where defendants failed to appear).

We therefore reverse the decision of the Review Board[5] and remand for an eviden-

---

such review board deems it advisable to procure additional evidence, it may direct the taking of such additional evidence, within such time as it shall fix."

5. The decision we reach today is not contrary to our earlier published opinions *Carter v. Review Board,* (1982) Ind.App., 429 N.E.2d 677; and *Osborn v. Review Board,* (1978) 178 Ind.

tiary hearing, in accordance with this opinion.

YOUNG, P.J., and CONOVER, J., concur.

App. 22, 381 N.E.2d 495, neither of which involved an application to introduce additional evidence. In *Carter,* the employer made no claim of untimely notice, but merely argued certified mailing should be required. Further, we observe that while *Osborn* gave general approval to the notice system used by the Board, the case did not involve the clear circumstances of the case before us, where we have a plausible, uncontradicted explanation for the failure of notice.