**John R. CARTER, Claimant–Appellant,**

**v.**

**REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, John C. Mowrer, Joe A. Harris, and Nanette L. McDermott, as Members of the Review Board, and Barth Electric, Appellees.**

No. 93A02–8802–EX–00056.

Court of Appeals of Indiana,
First District.

July 25, 1988.

Donald R. Lundberg, Legal Services Organization of Indiana, Inc., Indianapolis, for claimant-appellant.

Wayne O. Adams III, David J. Carr, Jeffery M. Mallamad, Bingham Summers Welsh & Spilman, Indianapolis, for appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

John R. Carter appeals a decision of the Review Board of the Indiana Department of Employment and Training Services denying his claim for unemployment compensation benefits. We reverse and remand for proceedings consistent with this opinion.

## FACTS

On August 24, 1987, John R. Carter filed a claim for unemployment compensation benefits after he was discharged from Barth Electric. The claims deputy initially found that Carter had been discharged without just cause and was, therefore, eligible to receive unemployment compensation benefits. Subsequent to this determination, Barth Electric filed an appeal. On October 21, 1987, Carter and Barth Electric were sent a notice of an appeals referee hearing setting the date of the evidentiary hearing for October 27, 1987. Carter claims he never received this notice. However, neither notice was returned to the sender.

On the date of the hearing, Barth Electric appeared, represented by counsel; Carter, however, was not present. The referee conducted a hearing in Carter's absence. On November 9, 1987, the referee issued a decision reversing the deputy's earlier determination and finding that Carter had been discharged for cause and was, therefore, ineligible to receive unemployment compensation benefits. Carter appealed from this determination on the basis that he had no notice of the hearing and consequently was unable to be in attendance and present evidence on his behalf. On December 14, 1987, the review board affirmed the referee's decision to deny Carter benefits without addressing Carter's claim of lack of notice. From this determination, Carter now appeals.

## ISSUE

Did the review board abuse its discretion in affirming the referee's decision denying Carter unemployment compensation benefits in light of Carter's claim that he had never received notice of the evidentiary hearing conducted before the referee?

## DISCUSSION AND DECISION

The review board, while an administrative body, is vested with quasi-judicial powers. Therefore, due process must be accorded a party whose rights will be affected by a review board decision. *Fruehauf Corp. v. Review Bd.* (1983), Ind.App., 448 N.E.2d 1193, 1195. Due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses. *Wakshlag v. Review Bd.* (1980), Ind.App., 413 N.E.2d 1078, 1083. Admittedly, failure to receive notice does not necessarily indicate a deprivation of due process where "the system of jurisprudence with its provisions for safeguarding the rights of litigants is due process of law". *Osborne v. Review Bd.* (1978), 178 Ind.App. 22, 30, 381 N.E.2d 495, 500; *quoting, Miedreich v. Lauenstein* (1914), 232 U.S. 236, 246, 34 S.Ct. 309, 312, 58 L.Ed. 584, 590. In the present case however, Carter's alleged failure to receive notice is not the issue presenting a question of adequate due process. If that were the only issue at bar, clearly *Osborne* would be dispositive. It is uncontested that notice was sent to Carter; the only fact in dispute is whether or not Carter actually received notice of the evidentiary hearing. It is true that where an

administrative agency does in fact send notice through the regular course of mail, a presumption arises that such notice is received. *Osborne,* 178 Ind.App. at 30, 381 N.E.2d at 500. However, to the extent that *Osborne* appears to make this presumption conclusive, we must disagree. *See* Indiana Code section 22–4–17–6; 640 I.A.C. 1–11–16. Due Process requires that one be afforded an opportunity to rebut this presumption.

■ Generally, the evidentiary hearing conducted before a referee affords the parties to an unemployment compensation claim due process of law and the review board on appeal is not constitutionally required to provide an additional evidentiary hearing. *See Frederick v. Review Bd.* (1983), Ind.App., 448 N.E.2d 1230–31, *trans. denied; Ryba v. Review Bd.* (1982), Ind.App., 435 N.E.2d 78, 81; *Whirlpool v. Review Bd.* (1982), Ind.App., 438 N.E.2d 775, 779. However, Carter's is not the usual situation in which a claimant has previously presented his arguments in a hearing before a referee. Carter's appeal, based wholly on his failure to receive notice, arose independently of the substantive claims underlying his original action for unemployment compensation benefits. Carter has had no opportunity to present evidence on the issue of notice throughout this litigation and this lack of opportunity to be heard constitutes a deprivation of due process in the present case. *See Lewis v. Review Bd.* (1972), 152 Ind.App. 187, 195, 282 N.E.2d 876, 881.

Furthermore, since the nonlitigated issue herein is adequacy of notice, other due process implications arise. If Carter is able to show that he did not in fact receive notice, then his right to be heard on the original substantive claim has likewise been denied. Carter cannot be found to have been afforded an opportunity to be heard as mandated by the doctrine of procedural due process, if he was not apprised of the time and place of the referee's hearing. If, on the other hand, Carter is unable to overcome the presumption that he did receive notice through the mail, then he was afforded an opportunity to be heard which he effectively waived by failing to be present at the hearing. Therefore, an evidentiary hearing on Carter's claim of inadequate notice is necessary in order to determine if the requirements of procedural due process have been met in the present case.

■ We further find that the information set out in Carter's request for appeal to the review board was sufficient to establish just cause and meet the other requirements of 640 I.A.C. 1–11–8, which stipulates the conditions under which the review board will hear additional evidence on a claim. *See, Fruehauf,* 448 N.E.2d at 1197. We therefore find that Carter's sole reliance on form 651, request for appeal to review board, and Carter's failure to file form 666, application for leave to introduce additional evidence to review board, is of no consequence to this appeal in that the use of form 666 is not prescribed by statute or administrative regulation. Therefore, given that the technical requirements were met and given the weighty constitutional implications of Carter's claim on appeal, this court holds that the review board abused its discretion in simply affirming the referee's findings and failing to conduct a hearing on the notice issue.

Reversed and remanded for proceedings consistent with this opinion.

ROBERTSON and HOFFMAN, JJ., concur.