Vivian SCOTT, Appellant,

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Quality Personnel Services, Appellees.**

No. 93A02–9908–EX–627.

Court of Appeals of Indiana.

March 31, 2000.

Thomas M. Frohman, Legal Services Organization of Indiana, Inc., Bloomington, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Vivian Scott appeals from the denial of unemployment benefits by the Review Board of the Indiana Department of Workforce Development ("Review Board"). Scott raises two issues for our review, which we consolidate and restate as one dispositive issue: whether the Review Board erred when it affirmed the administrative law judge's ("ALJ") decision denying Scott unemployment benefits where Scott did not receive actual notice of the hearing requested by her employer.

We reverse the Review Board's decision and remand to the Board for proceedings consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

This case is presented on a Record on Agreed Statement. Scott left her employment with Quality Personnel Services, Inc. ("Quality") and applied for unemployment benefits. The claims deputy determined that she was eligible for benefits, and Quality filed its request for a hearing before an ALJ. The IDWD subsequently mailed both Quality and Scott notices setting the case for hearing on July 6, 1999. These notices were mailed on June 25, 1999 pursuant to Indiana Code Section 22–4–17–6, which requires that notice of a hearing shall be mailed at least ten days prior to the hearing.

On July 1, 1999, Scott left town to attend a funeral in Arkansas. As of that date, she had not received notice of the July 6, 1999 hearing. When Scott returned home on July 11, 1999, she found both the notice of the July 6, 1999 hearing and the ALJ's decision reversing the initial approval of her unemployment benefits in her mail. The next day, July 12, 1999, Scott filled out a "Request for Appeal" to the Review Board, in which she stated that she had not received actual notice of the hearing, and she also argued that the ALJ's decision should be reversed on the merits.

On July 30, 1999, the Review Board affirmed the ALJ's decision and adopted and incorporated by reference the ALJ's findings of fact and conclusions of law. The Review Board did not address Scott's allegation that she had not received actual notice of the hearing.

### DISCUSSION AND DECISION

 On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *Browning–Ferris Indus. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1351, 1353 (Ind.Ct.App.1998). We are bound by the Review Board's resolution of all factual matters; thus, we neither reweigh evidence nor reassess witness credibility. *Id.* Rather, we consider only the evidence most favorable to the Board's decision and the reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the Board's conclusion, it will not be set aside. *Id.* When, however, an appeal involves a question of law, we are not bound by the agency's interpretation of law, and we will reverse a decision if the Board incorrectly interprets a statute. *Id.; Duvall v. ICI Americas, Inc.*, 621 N.E.2d 1122, 1124 (Ind.Ct.App.1993).

Scott contends that the Review Board deprived her of her right to a hearing on the merits of her case. The Review Board counters that Scott was provided with notice and an opportunity to be heard when notice was mailed on June 25, 1999, more than ten days prior to the hearing date, in accordance with Indiana Code Section 22–4–17–6. A determination whether Scott is entitled to a new hearing requires construction of the Indiana Employment Security Act ("the Act"), Indiana Code Section 22–4–17–1 *et seq.* The Act is given a liberal construction in favor of employees because it is social legislation meriting such construction in order to promote its underlying humanitarian purposes. *Horvath v. Review Bd. of Ind. Employment Sec. Div.*, 503 N.E.2d 441, 443 (Ind.Ct.App. 1987).

The Act provides that parties to a disputed claim for unemployment benefits are to be afforded "a reasonable opportunity for fair hearing." IND.CODE § 22–4–17–3. We interpret this provision to mean that "a reasonable opportunity for fair hearing" must include reasonable notice, which requires that parties receive actual, timely notice. *See Carter v. Review Bd. of the Ind. Dep't of Employment and Training Servs.*, 526 N.E.2d 717, 719 (Ind. Ct.App.1988), *trans. denied.; Fruehauf Corp. v. Review Bd. of the Ind. Employment Sec. Div.*, 448 N.E.2d 1193, 1196 & n. 3 (Ind.Ct.App.1983). Where, as here, an administrative agency does in fact send notice through the regular course of mail, a presumption arises that such notice is received. *Carter*, 526 N.E.2d at 718–719. However, that presumption is rebuttable. *Id.* at 719. Because both parties agree that Scott did not receive actual notice of the July 6, 1999 hearing until July 11,

1999, Record at 2–4, the presumption of receipt is rebutted, and we conclude that Scott did not have a reasonable opportunity for a fair hearing on the merits of her case.

While the facts in this case differ from those in *Carter*, the reasoning in *Carter* supports our determination that this matter should be remanded for a hearing on the merits. In addressing the notice issue, we said that "Carter cannot be found to have been afforded an opportunity to be heard as mandated by the doctrine of procedural due process, if he was not apprised of the time and place of the referee's hearing." *Carter*, 526 N.E.2d at 719. There was a factual dispute in *Carter* on whether the claimant had received notice of the hearing, so we remanded for a hearing on Carter's claim of inadequate notice. *Id.*

Here, there is no factual dispute regarding notice. Because Scott and the Review Board agree that Scott did not receive actual notice of the hearing until after it had occurred, Record at 2–4, there is no reason to remand for a hearing on that issue.[1] Rather, a hearing on the merits is warranted.

Although our courts have not been confronted with the factual scenario presented here, the Supreme Court of Iowa squarely addressed this issue in *Eves v. Employment Security Comm'n*, 211 N.W.2d 324 (Iowa 1973) (cited with approval in *Fruehauf*, 448 N.E.2d at 1196 n. 3). In *Eves*, the claimant was on vacation when notice of a hearing on the denial of his unemployment benefits arrived at his home, so he did not receive actual notice of the hearing until after it had occurred. The court affirmed the district court's remand for a hearing on the merits. At the

---

1. The Review Board suggests that the notice issue should be remanded pursuant to the doctrine of primary jurisdiction. Generally, the doctrine does not apply where, as here, the agency is one of the parties to the appeal. *Austin Lakes Joint Venture v. Avon Utilities, Inc.*, 648 N.E.2d 641, 648 (Ind.1995). Further, Scott raised the notice issue in her Re-

quest for Appeal, and the Review Board ruled on the issue when it denied her Request and affirmed the ALJ's determination. Once a decision is rendered by an agency, that decision is subject to judicial review by the court. *Johnson Oil Co., Inc. v. Area Plan Comm'n of Evansville and Vanderburgh County*, 715 N.E.2d 1011, 1014.

same time, the court reaffirmed the long-standing presumption of receipt of notice when a notice is properly addressed and mailed according to postal laws and regulations. *Id.* at 327. We likewise reaffirm that presumption but also recognize that such a presumption is "plainly inoperative to confer jurisdiction when the parties concede notice was not received in time to be of any benefit to the addressee."[2] *Id.*

The Review Board erred when it affirmed the ALJ's decision denying Scott unemployment benefits. Scott did not receive actual notice. Thus, she was not afforded a reasonable opportunity for a fair hearing. Scott is entitled to a hearing on the merits before the ALJ.

Reversed and remanded.

ROBB, J., and BROOK, J., concur.

---

**2.** In most cases, it will be difficult to overcome the presumption that a notice of hearing properly addressed and mailed was received. As a practical matter, it is difficult to prove a negative, i.e., that notice was not received in this case. *See Elkins v. United States,* 364 U.S. 206, 218, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). Scott was spared this conundrum because the parties have agreed that she did not receive notice before the hearing.