**Beth A. FORNI, Appellant,**

v.

**REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Caryn A. Guba, DDS, PC, Appellee.**

No. 93A02–0808–EX–758.

Court of Appeals of Indiana.

Jan. 30, 2009.

Transfer Denied April 23, 2009.

Beth A. Forni, Chicago, IL, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MAY, Judge.

Beth Forni appeals an adverse decision of the Review Board of the Indiana Department of Workforce Development. Because she did not have actual notice of the hearing before the administrative law judge ("ALJ"), the Board erred by affirming the ALJ's decision. Therefore, we reverse and remand for a new hearing.

**FACTS AND PROCEDURAL HISTORY**

Forni was employed as a dental hygienist by Caryn Guba, DDS, until April 24, 2008. Forni applied for unemployment benefits. On May 8, 2008, the claims dep-

uty determined Forni was eligible for benefits because she had been discharged without just cause. On May 15, 2008, Dr. Guba requested a hearing before an ALJ.

A telephonic hearing was scheduled for June 26, 2008, and notice of the hearing was mailed to Forni on June 16, 2008. At the hearing, Dr. Guba and her office manager testified Forni had quit voluntarily. Forni did not participate in the hearing.

On June 27, 2008, the ALJ issued a decision finding Forni voluntarily left employment, and therefore had the burden of proving the separation was for good cause in connection with the work. Because Forni did not participate, the ALJ concluded Forni had not met her burden of proof and modified the deputy's determination.

On July 8, 2008, Forni wrote a letter to the Review Board to appeal the ALJ's decision. She explained that she left for a trip out of state on June 19, and as of that date, she had not received notice of the hearing. She did not learn of the hearing until she returned on June 29, when she found the notice of hearing among her mail. Forni submitted her itinerary from American Airlines in support of her contentions.

The Review Board did not hold a hearing or accept additional evidence. On July 31, 2008, the Review Board adopted the ALJ's findings of fact and conclusions of law and affirmed the decision.

## DISCUSSION AND DECISION

Forni is entitled to a new hearing because she did not receive actual notice of the hearing. In *Scott v. Review Bd. of Ind. Dep't of Workforce Development*, 725 N.E.2d 993 (Ind.Ct.App.2000), Scott left her employment with Quality Personnel Services and applied for unemployment benefits. The claims deputy determined she was eligible for benefits, and Quality requested a hearing before an ALJ. The case was set for hearing on July 6, 1999, and notice of the hearing was mailed on June 25, 1999. On July 1, 1999, Scott left to attend a funeral in Arkansas. As of that date, she had not received the notice of hearing. Scott returned home on July 11, 1999 and found the notice of hearing and the ALJ's decision reversing the approval of her benefits in her mail.

The Review Board adopted the ALJ's findings of fact and conclusions of law and affirmed the decision without addressing Scott's allegation that she had not received actual notice of the hearing. We reversed:

A determination whether Scott is entitled to a new hearing requires construction of the Indiana Employment Security Act ("the Act"), Indiana Code Section 22–4–17–1 *et seq.* The Act is given a liberal construction in favor of employees because it is social legislation meriting such construction in order to promote its underlying humanitarian purposes. *Horvath v. Review Bd. of Ind. Employment Sec. Div.*, 503 N.E.2d 441, 443 (Ind.Ct.App.1987).

The Act provides that parties to a disputed claim for unemployment benefits are to be afforded "a reasonable opportunity for fair hearing." IND. CODE § 22–4–17–3. We interpret this provision to mean that "a reasonable opportunity for fair hearing" must include reasonable notice, which requires that parties receive actual, timely notice. *See Carter v. Review Bd. of the Ind. Dep't of Employment and Training Servs.*, 526 N.E.2d 717, 719 (Ind.Ct.App. 1988), *trans. denied.*; *Fruehauf Corp. v. Review Bd. of the Ind. Employment Sec. Div.*, 448 N.E.2d 1193, 1196 & n. 3 (Ind. Ct.App.1983). Where, as here, an administrative agency does in fact send notice through the regular course of mail, a presumption arises that such no-

tice is received. *Carter*, 526 N.E.2d at 718–719. However, that presumption is rebuttable. *Id.* at 719. Because both parties agree that Scott did not receive actual notice of the July 6, 1999 hearing until July 11, 1999, Record at 2–4, the presumption of receipt is rebutted, and we conclude that Scott did not have a reasonable opportunity for a fair hearing on the merits of her case.

*Id.* at 996. We remanded Scott's case for a new hearing.

The Board argues actual notice is not required because the notice provided to Forni satisfies due process. It relies on *Osborn v. Review Board,* 178 Ind.App. 22, 381 N.E.2d 495 (1978), where the Review Board sent Osborn notice of a hearing by regular mail, and Osborn alleged she did not receive it. We held mailing the notice satisfied due process:

> The Due Process Clause does not require the state to erect an ideal system for the administration of justice which is impervious to malfunctions. Consequently, the failure in fact of a person to receive notice does not necessarily indicate a deprivation of due process.
>
> In the case at hand, the statutory scheme provided that notice of the hearing be sent to Osborn. The administrative agency did in fact send notice and we may presume that in the regular course of mail such notice would be received by Osborn. This "system of jurisprudence" meets the requirements of due process and Osborn cannot complain of any denial thereof.

*Id.* at 500 (citations omitted). *Osborn* held mailing notice of a Review Board hearing satisfied the minimum requirements of due process; however, *Scott* was not decided on due process grounds. In *Scott,* we interpreted the requirement of Ind.Code § 22–4–17–3 of a "reasonable opportunity for a fair hearing" to require actual notice.[1]

The Board mailed notice to Forni, and therefore a presumption arose that she received notice. *Scott* 725 N.E.2d at 996. However, the Board does not dispute that Forni did not receive actual notice prior to the hearing; therefore, the presumption has been rebutted. *Id.* Thus, straightforward application of *Scott* compels a new hearing. We also find instructive 66 C.J.S. *Notice* § 30(a) (1998):

> In the absence of custom, statute, estoppels, or express contract stipulation, when a notice, affecting a right, is sought to be served by mail, the service is not effective until the notice comes into the hands of the one to be served, and he acquires knowledge of its contents, except perhaps in those cases where the party to be noticed resorts to some trick or artifice to avoid personal communication to him.

---

1. The Review Board argues "actual notice" does not mean "in-hand receipt" and Forni received actual notice because it is undisputed that the notice arrived at her address. (Appellee's App. at 10.) Regardless of whether arrival of a letter at the correct address might be called "actual notice" in other contexts, *Scott* clearly used the term to mean "actual knowledge." *See Scott,* 725 N.E.2d at 996 (stating Scott received actual notice on July 11, 1999, the day she returned home).

The Review Board also argues the correct analysis for this case is whether Forni had good cause to miss the hearing and appears to be making a policy argument that actual notice is not a reasonable requirement. The Review Board has waived these arguments by failing to cite authorities or evidence in support. *See* Ind. Appellate Rule 46(A)(8)(a); *Romine v. Gagle,* 782 N.E.2d 369, 386 (Ind.Ct. App.2003) ("A party generally waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority and portions of the record."), *trans. denied* 804 N.E.2d 750 (Ind.2003).

(footnotes omitted). That section further states, "By force of statute ... service may be effective when the notice is properly mailed, regardless of its receipt by the addressee; in such case the risk of miscarriage or failure to deliver is on the addressee." *Id.* (footnotes omitted). Our General Assembly could have made service effective on mailing, but it did not. Therefore, we will adhere to *Scott,* and we reverse and remand for a new hearing.

Reversed and remanded.

BRADFORD, J., and FRIEDLANDER, J., concur.