## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 08 2016, 9:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

L.M.
Columbia City, Indiana

ATTORNEYS FOR APPELLEE REVIEW BOARD OF THE DEPARTMENT OF WORKFORCE DEVELOPMENT

Gregory F. Zoeller
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

L.M.,

*Appellant-Claimant,*

v.

Review Board of the Indiana Department of Workforce Development, et al.,

*Appellees-Respondents.*

July 8, 2016

Court of Appeals Case No. 93A02-1506-EX-609

Appeal from the Review Board of the Department of Workforce Development.
The Honorable Steven Bier, Chairperson.
Review Board Nos. 15-RB-0922, 15-RB-0923

**Sharpnack, Senior Judge**

# Statement of the Case

[1] L.M. appeals from the Indiana Department of Workforce Development Review Board's determination that her appeal was not timely filed from the determination by the claims deputy that she was ineligible for benefits. We affirm.

# Issue

[2] The dispositive issue in L.M.'s appeal is whether the Review Board erred by finding and concluding that L.M. did not timely appeal from two determinations made by a claims deputy.

# Facts and Procedural History

[3] The Department issued two related determinations of eligibility (DOE) on September 11, 2013, concluding that L.M. had received unemployment benefits to which she was not entitled for the periods of May 26, 2012 to December 8, 2012, and December 15, 2012 to August 17, 2013. The Department mailed the two DOEs to L.M. on September 11, 2013. At L.M.'s request, a second mailing of the two DOEs occurred on November 21, 2013.

[4] On December 6, 2013, L.M. faxed an appeal of the DOEs. On December 31, 2013, the administrative law judge issued two orders concluding that the Department lacked jurisdiction to consider L.M.'s appeal because it was untimely filed. On January 16, the Review Board remanded both cases to the

administrative law judge for an evidentiary hearing to determine if L.M. had received timely notice.

[5] The evidentiary hearing was held March 31, 2015 but the decision was vacated because not all parties had been contacted for the hearing. A second evidentiary hearing was held on both cases on April 21, 2015. L.M. and Monica Portillo, representing the Department, were present for the hearing. At the conclusion of the hearing, the administrative law judge determined that L.M. had not timely filed an appeal from either of her DOEs.

[6] On May 5, 2015, L.M. filed an appeal to the Review Board of the Department of Workforce Development from the administrative law judge's decision in both cases. On May 19, 2015, the Review Board affirmed the findings of fact and conclusions of law issued by the administrative law judge. Those findings of fact and pertinent conclusions are as follows:

> The Administrative Law Judge makes the following finding of facts: The Determination of Eligibility (DOE) was mailed to the Claimant's address on September 11, 2013. The Claimant called Ms. Portillo in early October, 2013, to request a mailing of the DOE, as she had not received a copy of the DOE. Ms. Portillo had received no other notice, such as returned mail, that the DOE was not delivered.
>
> After many missed telephone calls, Ms. Portillo did mail another copy of the DOE to the Claimant after receiving a confirmation of her address. That DOE was mailed on November 21, 2013.
>
> The Claimant received the DOE by November 26, 2013. The Claimant did read the DOE and filed her appeal by fax on December 6, 2013. The DOE state that the Claimant had the right to appeal and must be filed within ten days of the mailing of

the DOE. The Claimant thought that she had filed her appeal in a timely manner.

. . . .

In this case, the Claimant informed the Department that she had not received a copy of the DOE after the original mailing. The DOE was mailed a second time to the Claimant on November 21, 2013. The Claimant did receive that DOE. The Administrative Law Judge concludes that the DOE was effectively mailed to the Claimant on November 21, 2013.

In order to submit a timely appeal, with the addition of the three days due to the DOE being mailed, the Claimant must have submitted the appeal by December 4, 2013. The Claimant, however, did not fax the appeal until December 6, 2013.

. . . .

In this case, the Administrative Law Judge has found that the later mailing date reflects a fair judgment on the mailing of the DOE. Even given that later mailing date, the Claimant filed her appeal late. The Claimant waited for ten days after she received the DOE to file her appeal, even though the appeal [sic] states that the filing must be made within ten days of the mailing of the appeal [sic].

Based on the evidence that the appeal was filed after the time limit passed, the Administrative Law Judge concludes that the Claimant failed to file an appeal within the time limits specified in the law.

The Claimant's appeal of the Deputy's determination mailed on September 11, 2013, effective November 21, 2013, was not timely filed. The Administrative Law Judge concludes that the appeal shall be dismissed because of procedural error.

Appellees' App. pp. 89-90. L.M. now appeals.

# Discussion and Decision

[7] Although L.M. cites no supporting law or the record in presenting her case on appeal, rendering those issues technically waived, we address her contentions nonetheless. *See* Ind. Rule App. 46(A)(8)(a) (contentions must be supported by citations to authorities, statutes); *Kelly v. Levandoski*, 825 N.E.2d 850, 856 (Ind. Ct. App. 2005) (we prefer to decide issues on their merits when possible), *trans. denied*.

[8] L.M. argues that the Review Board erred by finding that she did not timely appeal the two adverse decisions by the claims deputy.

[9] Indiana Code section 22-4-17-12(a) (1995) provides that any decision of the Review Board "shall be conclusive and binding as to all questions of fact." Appellate review of a decision of the Review Board has three components: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed question of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011). Under the substantial evidence standard of review of findings of basic fact, we neither reweigh the evidence nor conduct our own assessment of the credibility of witnesses. *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind. 1998). Further, we consider only the evidence most favorable to the Review Board's findings. *Id.* We will reverse only if reasonable persons would be bound to reach a conclusion opposite that of the Review Board. *Wade v.*

*Review Bd. of Ind. Dep't of Employment and Training Servs.*, 599 N.E.2d 630, 632 (Ind. Ct. App. 1992).

[10] An administrative body such as the Indiana Department of Workforce Development possesses the authority to make an initial determination whether a matter presented to it falls within its jurisdiction. *Guinn v. Light*, 558 N.E.2d 821, 823 (Ind. 1990). We have held that a claimant's untimely appeal to the Review Board was properly dismissed because the Review Board did not obtain jurisdiction over the appeal. *Quakenbush v. Review Bd. of Ind. Dep't of Workforce Dev.*, 891 N.E.2d 1051, 1053 (Ind. Ct App. 2008)(citing *Szymanski v. Rev. Bd. of Dep't. of Workforce Dev.*, 656 N.E.2d 290, 293 (Ind. Ct. App. 1995)). When a statute contains a requirement that an appeal or notice of the intention to appeal shall be filed within a certain time, strict compliance with the requirement is a condition precedent to acquiring jurisdiction, while non-compliance with the requirement results in dismissal of the appeal. *Id.*

[11] Indiana Code section 22-4-17-2(a) states as follows: "Unless the individual, within ten (10) days after such determination was mailed to the individual's last known address, or otherwise delivered to the individual, asks a hearing thereon before an administrative law judge, such determination shall be final and benefits shall be paid or denied in accordance therewith." Pursuant to 646 Indiana Administrative Code article 5, rule 10, section 19(c), if a notice is served through the United States mail, three days must be added to a period that commences upon service of the notice.

[12] "Where, as here, an administrative agency does in fact send notice through the regular course of mail, a presumption arises that such notice is received." *Scott v. Review Bd. of Ind. Dep't of Workforce Dev.*, 725 N.E.2d 993, 996 (Ind. Ct. App. 2000). The presumption is rebuttable. *Id.* Methods for rebutting that presumption include an agreement by both parties that the notice was not mailed, *id.*; the contention of a claimant that she did not receive actual notice and the Review Board does not rebut that argument, *see Forni v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 71, 73 (Ind. Ct. App. 2009), *trans. denied*; or if the agency receives a returned mailing, *see cf. King v. United Leasing, Inc.*, 765 N.E.2d 1287, 1290 (Ind. Ct. App. 2002).

[13] The Review Board adopted the administration law judge's findings which, giving L.M. the benefit of the doubt, established actual notice of the DOEs re-mailed on November 21, 2013. At the evidentiary hearing, L.M. acknowledged receipt of the determinations issued in September that were re-mailed in November. Again, giving L.M. the benefit of the doubt, without deciding that the re-mailing constituted a new determination issued by the Department, the determinations issued on September 11, 2013, but actually received by her on November 21, 2013, notified L.M. that she had ten days from the date of mailing to file an appeal. Adding three additional days to that timeline due to service by mail, L.M. should have filed her appeal by December 4, 2013. L.M.'s appeal was not faxed until December 6, 2013. Therefore, the

administrative law judge and the Review Board correctly found and concluded that L.M.'s appeal was not timely filed, and as such, was properly dismissed.[1]

[14] L.M. additionally argues that several procedural irregularities in the handling of her appeal warrant reversal. However, because we have concluded that her appeal was correctly dismissed for want of jurisdiction, any additional errors would not have been before the administrative law judge and the Review Board. Therefore, we do not address them here.

# Conclusion

[15] In light of the foregoing, the Review Board's determination that L.M.'s appeal was untimely, and, therefore, subject to dismissal, is affirmed.

[16] Affirmed.

Pyle, J., and Altice, J., concur.

---

[1] L.M. makes the additional arguments for the first time on appeal that (1) she was not aware how much time she had in which to file her appeal after receiving actual notice in November, and (2) she was under physical and emotional duress such that her untimely filing of the appeal should be excused. Those arguments were not presented at the evidentiary hearing before the administrative law judge. Therefore, because the Review Board adopted the administrative law judge's factual determinations, and the Review Board's factual determinations are conclusive and binding, we do not address those contentions here.