## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 01 2020, 9:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph A. Colussi
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Switzerland County,

*Appellant-Petitioner,*

v.

Review Board,

*Appellee-Respondent*

April 1, 2020

Court of Appeals Case No.
19A-EX-2577

Appeal from the Review Board of
Indiana Department of Workforce
Development

Steven F. Bier, Chairperson

Larry A. Dailey, Member

Review Board No.
19-R-983

**May, Judge.**

[1]     Switzerland County,[1] appeals an order from the Review Board of the Indiana Department of Workforce Development (hereinafter "Review Board") that affirmed the administrative law judge's decision to grant unemployment compensation benefits to a former county employee. The County raises two issues for our review, which we revise and restate as: (1) whether the County's due process rights were violated when the County did not participate in a telephonic hearing before an administrative law judge; and (2) whether the Review Board erred when it declined to hold an additional hearing or accept additional evidence. We affirm.

# Facts and Procedural History

[2]     On July 11, 2019, County terminated E.S. for alleged unauthorized use of county property. The Indiana Department of Workforce Development ("DWD") sent notice to the County's auditor that E.S. had filed a claim for unemployment benefits. The notice stated:

> If the individual has separated from employment for any reason other than lack of work, you must file a protest within 10 calendar days from the date of this notice to the fax number listed below. Use the Unemployment Insurance Benefit Protest Form (State form #54244 640P), which can be found at www.in.gov/dwd/2465.htm to file your protest.

---

[1] Switzerland County has waived any confidentiality by using its name in documents filed with this Court and not filing its brief or appendix on green paper. *See Advanced Corr. Healthcare, Inc. v. Review Bd.*, 27 N.E.3d 322, 324 n.1 (Ind. Ct. App. 2015).

(App. Vol. II at 4.)

[3] Instead of using the appropriate State form, Wilmer Goering, the Switzerland County attorney, sent a letter to DWD stating that E.S. was terminated for just cause. Goering sent the letter on his law office's letterhead, which included his mailing address, the street addresses for two offices, the address of a Chicago law firm, two phone numbers, an e-mail address, and a fax number. The letter did not direct DWD to send further correspondence to Goering, nor did the letter explicitly state that Goering represented the County.

[4] On July 31, 2019, the DWD claims investigator determined that E.S. had been discharged for just case, and therefore, E.S. was not entitled to unemployment insurance benefits. E.S. appealed the claims investigator's determination. On August 28, 2019, DWD mailed E.S. and the County a notice of telephonic hearing. The notice of telephonic hearing was sent to the same address for the County where DWD sent the notice that E.S. had filed a claim for unemployment insurance benefits.

[5] In bold, capital letters, the notice stated: "**NOTICE OF TELEPHONE HEARING**[.]" (*Id.* at 21) (emphasis in original). The notice listed the name of the administrative law judge ("ALJ") assigned to preside over the hearing and the date and time of the hearing, and it directed the parties to send additional correspondence to the ALJ. Immediately below this information, the notice stated: "**IMPORTANT INFORMATION ABOUT THIS PROCESS**." (*Id.*) (emphasis in original). The notice listed six items, including:

1) To participate in this hearing you **MUST** deliver the enclosed **Acknowledgement Sheet** to the Appeals office by mail, fax, or in person **OR** provide your telephone number by calling the number below.

2) Provide only **ONE** telephone number on the **Acknowledgement Sheet** or by telephone. At the scheduled date and time of your hearing the Judge will call **YOU** at **THIS** telephone number.

3) If you have documents you want the judge to consider you **MUST** deliver them by mail, fax, or in-person to the Appeals office **AND** the other party. The documents must be received **at least 24 hours BEFORE** the date of the scheduled hearing.

(*Id*.) (emphases in original).

[6] DWD also sent the parties a document labeled "**U. I. Appeals Hearing Instructions**," which stated underneath the title: "<u>READ THIS AND ALL OTHER DOCUMENTS CAREFULLY</u>." (*Id*. at 25) (emphases in original). The instructions stated:

**BEFORE THE DATE OF THE HEARING**

**Contact Number:** Return the enclosed Acknowledgment Sheet . . . to provide ONE contact number to reach you. If your hearing is by telephone, this is the number the judge will call for the hearing. . . . Provide your contact number by telephone, mail, fax, or in person **AT LEAST 24 hours prior to the hearing** . . . . If the judge is not able to reach you, regardless of the cause, it may be considered as a lack of response and participation in the hearing.

(*Id*.) (emphases in original). The instructions also provided: "Documents previously provided to [DWD] **HAVE NOT** been given to the judge, so you must timely resubmit anything you wish the judge to consider." (*Id*.) (emphasis in original). The instructions also informed the County that if it wished to be represented by an attorney at the telephonic hearing, the attorney would need to file an appearance with the ALJ before the hearing.

[7] The County received the notice of telephonic hearing and related rights. The County did not return the acknowledgment sheet, nor did the County call the Appeals office to provide a telephone number. The County did not submit any evidence to the ALJ, nor was an appearance filed by an attorney. The ALJ held a telephonic hearing on September 9, 2019. E.S. participated in the hearing, but the County did not. The ALJ issued a decision reversing the claims investigator's decision.

[8] On September 20, 2019, the County appealed the ALJ's decision to DWD's Review Board. The County faxed a multitude of documents to the Review Board, including an affidavit from a payroll clerk in the County's auditor's office. The payroll clerk averred that she accidently sent the notice of telephonic hearing to the County's insurance carrier rather than to the County's

attorney.[2]  Without holding a hearing or accepting the additional evidence put forward by the County, the Review Board affirmed the decision of the ALJ.

# Discussion and Decision

[9] We generally review the appeal of a decision of the Review Board using "a two-part inquiry into the sufficiency of the facts sustaining the decision and the sufficiency of the evidence sustaining the facts." *Whiteside v. Ind. Dep't of Workforce Dev.*, 873 N.E.2d 673, 674 (Ind. Ct. App. 2007).

> In doing so, we consider determination of basic underlying facts, conclusions or inferences from those facts, and conclusions of law.  The Review Board's findings of fact are subject to a substantial evidence standard of review.  'Any decision of the review board shall be conclusive and binding as to all questions of fact.'  I.C. § 22-4-17-12(a).  We do not reweigh the evidence or assess the credibility of witnesses.  Regarding the Board's conclusions of law, we assess whether the Board correctly interpreted and applied the law.

*Id*. at 675 (some citations omitted).  We will reverse "only if there is no substantial evidence to support the findings." *KBI, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 656 N.E.2d 842, 846 (Ind. Ct. App. 1995).

---

[2] The payroll clerk knew E.S. had filed a charge of discrimination with the Indiana Civil Rights Commission and the Equal Employment Opportunity Commission.  The payroll clerk thought the notice was related to the charge of discrimination, so she sent the notice to the County's insurance carrier, which represented the County in that matter.

# 1. County's Due Process Rights Before ALJ

[10] "Whether a party was denied due process is a question of law that we review de novo." *Wolf Lake Pub, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 930 N.E.2d 1138, 1141 (Ind. Ct. App. 2010). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Groth v. Pence*, 67 N.E.3d 1104,1117 (Ind. Ct. App. 2017) (internal quotation marks omitted), *trans. denied*. "In general, the Indiana Rules of Trial Procedure and the Indiana Rules of Evidence shall govern proceedings before an administrative law judge or the review board." 646 IAC 5-10-5.

[11] The County argues it was denied due process because DWD did not serve Goering with the notice of telephonic hearing when Goering was the County's attorney of record. An employer may be represented by an attorney in an unemployment hearing before an ALJ or the Review Board, Ind. Code § 22-4-17-3.2, and when a party is represented by an attorney of record, service shall be made on the party's attorney. Ind. T.R. 5. The County contends that Goering's letter to DWD in response to the notice that E.S. had filed an unemployment claim served as notice to DWD that Goering represented the County.

[12] However, "[t]he obligation to serve a party's attorney arises with the entry of an appearance by the attorney." *Bonaventura v. Leach*, 670 N.E.2d 123, 125 (Ind. Ct. App. 1996), *trans. denied*. Indiana Trial Rule 3.1 requires that an appearance contain various pieces of information, including the attorney's attorney

number. To represent a party in an unemployment proceeding, an attorney must be admitted to practice law in Indiana and in good standing or admitted to practice in another state and granted temporary admission to the Indiana bar. Ind. Code § 22-4-17-3.2. As the Review Board points out in its brief, the attorney number requirement allows DWD "to determine at a glance whether that attorney meets those requirements, e.g., based on whether the attorney has an Indiana-based attorney number." (Appellee's Br. at 16-17.)

[13] Goering's letter did not list his attorney number. Further, Goering's letter was sent to DWD before the matter was even before an ALJ. In that letter, Goering did not explicitly state that he represented the County or direct all future correspondence be sent to him. Thus, Goering's letter cannot be considered an appearance, and DWD was not required to treat it as such. *See Seleme v. JP Morgan Chase Bank*, 982 N.E.2d 299, 307 (Ind. Ct. App. 2012) (holding participation in telephonic conference did not constitute an appearance as required by the Indiana Trial Rules), *reh'g denied*, *trans. denied*.

[14] In *Art Hill, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, the ALJ sent both the employer, Art Hill, and the employee a notice of hearing. 898 N.E.2d 363, 365 (Ind. Ct. App. 2008). Art Hill telephoned the ALJ two days before the hearing and gave the ALJ a telephone number extension to use to reach its representative. *Id*. Nonetheless, Art Hill's representative waited by a phone with a different extension than the extension number given to the ALJ. *Id*. at 365-66. The ALJ was not able to reach the employer and conducted the hearing in the employer's absence. *Id*. at 365. The ALJ issued a decision in

favor of the employee. *Id*. at 366. The employer asserted on appeal that it was not afforded due process because it did not participate in the hearing. *Id*. We held "that a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing." *Id*. at 368.

[15] Like the employer in *Art Hill*, the County received actual notice of the telephonic hearing. The notice of telephonic hearing was labeled in bold, capitalized letters. It notified the County in multiple places that to participate in the hearing, the County needed to return the acknowledgement sheet or provide a telephone number. Additionally, the notice warned the County that the ALJ did not have any documents already submitted to DWD, and if the County wanted the ALJ to consider any documents, the County needed to deliver them to the ALJ and the other party at least twenty-four hours before the hearing. The acknowledgement sheet warned the County: "If you do not appear at the hearing, the Administrative Law Judge could issue a decision that would be unfavorable to you." (App. Vol. II at 23.) The County did not heed these warnings. Unlike the letter from DWD initially informing the County that E.S. filed a claim for unemployment benefits, the auditor's office did not properly route the notice of telephonic hearing to the County's attorney. The County must bear the cost of its own bureaucratic misstep. Therefore, we find the County voluntarily waived its right to be present at the hearing before the ALJ. *See Employer v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 955 N.E.2d 210, 214 (Ind. Ct. App. 2011) (holding employer voluntarily waived

opportunity to be heard at unemployment hearing when employer did not participate in hearing because employer's attorney did not properly calendar the time of the hearing). The County's assertion of a due process violation fails.

## 2. Appeal to Review Board

[16] The County asserts a due process violation because the Review Board did not hold a hearing or accept additional evidence. 646 Indiana Administrative Code 5-10-11(b) provides:

> Each hearing before the review board shall be confined to the evidence submitted before the administrative law judge unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why the additional evidence was not procured and introduced at the hearing before the administrative law judge.

Based on the language of the controlling administrative code provision, the County did not have a due process right to present additional evidence or have a hearing before the Review Board. Consequently, we review the Review Board's decision to admit or deny additional evidence for an abuse of discretion. *See Willet v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 632 N.E.2d 736, 741 (Ind. Ct. App. 1994), *trans. denied*.

[17] In support of its argument, the County cites cases wherein a party did not receive actual notice. *See Scott v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 725 N.E.2d 993, 997 (Ind. Ct. App. 2000) (holding claimant was entitled to a

new hearing when she rebutted the presumption that she received actual notice of telephonic hearing); *Abdirizak v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 826 N.E.2d 148, 151 (Ind. Ct. App. 2005) (holding evidentiary hearing was required to determine if claimant received actual notice); *Forni v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 900 N.E.2d 71, 74 (Ind. Ct. App. 2009) (holding claimant was entitled to new hearing when she did not receive actual notice), *trans. denied*. However, there is no dispute in this case – the County received actual notice. The County simply mishandled the notice.

[18] In *Wolf Lake Pub Inc.*, the employer's representative did not participate in the hearing before the ALJ because of poor cell phone reception. 930 N.E.2d at 1140. The employer appealed the decision to the Review Board, and the Review Board affirmed the decision of the ALJ without hearing or taking additional evidence. *Id*. at 1141. We held the employer failed to show good cause for the Board to receive additional evidence or provide a good reason for why the evidence was not presented to the ALJ because the employer had control over whether the employer's representative was in an area with good cell phone reception at the time of the hearing. *Id*. at 1143. Thus, consistent with our decision in *Wolf Lake Pub Inc.*, we hold the Review Board did not err in refusing to conduct a hearing or to admit the additional documents the County

sent with its appeal to the Review Board because the handling of the notice of telephonic hearing was within the County's control.[3]

# Conclusion

The County voluntarily waived its right to appear at the hearing before the ALJ when it received actual notice of the telephonic hearing but did not follow the notice's instructions.  Therefore, the County received adequate due process before the ALJ.  Additionally, the Review Board did not err in not conducting a hearing or accepting additional evidence because the County did not show good cause why the Review Board should do so.  Thus, we affirm.

Affirmed.

Crone, J., and Pyle, J., concur.

---

[3] Finding that the County voluntarily waived its right to be present at the hearing and the Review Board did not err in refusing to admit additional evidence or hold a hearing, we note the ALJ's decision was supported by substantial evidence.  At the hearing, the ALJ asked E.S., "Did you use the em – the Employer's equipment for your own use?"  (Tr. Vol. II at 6.)  E.S. responded, "No, ma'am."  (*Id.*)  *See Albright v. Ind. Dept. of Workforce Dev.*, 994 N.E.2d 745, 750 (Ind. Ct. App. 2013) (holding testimony of employee's supervisor constituted substantial evidence employee knew she was to report to work).