**SMITTY'S PAINTING, INC., Appellant–Petitioner,**

**v.**

**REVIEW BOARD OF the DEPARTMENT OF WORKFORCE DEVELOPMENT, and Raymond A. Sage, Appellees–Respondents.**

**No. 93A02–0810–EX–871.**

Court of Appeals of Indiana.

March 11, 2009.

Publication Ordered May 1, 2009.

David W. Paugh, Montgomery, Elsner & Pardieck, Seymour, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, for Attorney for Appellee, Review Board.

**OPINION**

ROBB, Judge.

*Case Summary and Issues*

Smitty's Painting, Inc. ("Smitty's") appeals from a decision by the Unemployment Insurance Review Board ("Review Board") affirming the findings and conclusions of an Administrative Law Judge ("ALJ"), which granted Raymond Sage's application for unemployment benefits. For our review, Smitty's raises a single issue: whether the Review Board "abused its discretion by not hearing additional evidence by [Smitty's] on the issue of whether its employee was discharged for good cause." Appellant's Brief at 1. Concluding the Review Board did not abuse its discretion, we affirm.

*Facts and Procedural History*

Smitty's discharged Sage from employment on February 4, 2008. On February 18, 2008, the Department of Workforce Development denied Sage's claim for unemployment benefits finding that Smitty's had discharged Sage for just cause. Sage appealed the denial and an ALJ held a hearing on May 12, 2008, which both parties attended. The ALJ reversed the decision of the deputy and granted benefits to Sage. Smitty's appealed the ALJ's decision to the Review Board and attached the affidavit of one of Sage's co-workers as additional evidence that Smitty's terminated Sage for just cause. The Review Board remanded the claim for a de novo hearing with a different ALJ because "the Appellate Division file was not properly preserved" thus preventing the Review Board from conducting an appropriate review of the ALJ's decision. Appellant's Appendix at 25.

A telephone hearing was scheduled for July 25, 2008 before a different ALJ. On July 18, 2008, Smitty's, through its attorney, requested a continuance because the employer would be on vacation for two weeks beginning on July 14, 2008. The ALJ denied the continuance finding that Smitty's did not demonstrate good cause. Subsequently, Smitty's failed to appear for the telephone hearing. Following the hearing, the ALJ concluded that Smitty's "failed to appear or otherwise present evidence regarding its reasons for discharging the claimant. The employer has failed to meet its burden of proof in this case." *Id.* at 43. The ALJ then reversed the

decision of the deputy and granted unemployment benefits to Sage.

Smitty's appealed the ALJ's decision to the Review Board requesting that "the decision of the [ALJ] should be reversed and this case remanded for hearing at which the employer can be present and present testimony." *Id.* at 45. Smitty's attached its prior appeal of the first ALJ's decision, which included the affidavit of Sage's co-worker, as "Exhibit A," to its appeal of the second ALJ's decision. The Review Board affirmed the decision of the second ALJ.[1]

*Discussion and Decision*

I. Standard of Review

The admission of additional evidence is within the Review Board's discretion. *Ritcheson–Dick v. Unemployment Ins. Review Bd.*, 881 N.E.2d 54, 56 (Ind. Ct.App.2008). We review the decision for an abuse of discretion, which occurs if the decision is arbitrary or capricious as revealed by the uncontradicted facts. *Fruehauf Corp. v. Review Bd. of Ind. Employment Sec. Div.*, 448 N.E.2d 1193, 1197 (Ind.Ct.App.1983).

II. Admission of Additional Evidence

646 Indiana Administrative Code section 3–12–8(b) states:

> [T]he review board may hear ... additional evidence ... upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the [ALJ]. An application for leave to introduce additional evidence made by either party shall set forth the names of the witnesses whose testimony will be offered and the facts to which they are expected to testify. If the new evidence is documentary, then a copy of the document proposed to be introduced shall accompany the application.

Smitty's did not file a written application to present additional evidence to the Review Board nor did it attempt to show good cause that such evidence should be accepted or why such additional evidence was not procured and introduced at the hearing before the ALJ. Smitty's simply attached its appeal of the first ALJ's decision, which included the affidavit as an attachment.[2] In addition, Smitty's appeal of the second ALJ's decision makes no mention of additional evidence; it only appeals the ALJ's denial of Smitty's motion to continue and decision to hold the hearing in Smitty's absence. Therefore, Smitty's has likely not complied, even in the most basic way, with the rule governing the submission of additional evidence. *But see Ritcheson–Dick*, 881 N.E.2d at 56 (noting that "neither the Indiana Code nor the Indiana Administrative Code requires a party to file a formal motion to submit additional evidence to the Review Board.") (citing *Carter v. Review Bd. of Ind. Dep't of Employment & Training Servs.*, 526 N.E.2d 717, 719 (Ind.Ct.App.1988), *trans. denied* ).

1. Although Smitty's included a copy of the Review Board's decision in its appendix, it failed to attach a copy to its brief as required by Indiana Appellate Rule 46(A)(10), which states, "The brief shall include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal." We remind counsel for Smitty's to comply with this rule in future filings to this court.

2. Smitty's did not make a written application showing good cause to admit the affidavit, which is dated after the first ALJ hearing, as additional evidence in the prior appeal to the review board. Smitty's also made no attempt to show a good reason why the affidavit or live testimony of the affiant could not be introduced at the first ALJ hearing.

However, we need not determine whether Smitty's sufficiently complied with the rule, because even assuming that it did, the Review Board has discretion to hear or refuse to hear additional evidence. Smitty's fails to show that the Review Board abused its discretion in refusing to accept the additional evidence. The rule requires a party offering additional evidence to show good cause why such evidence should be accepted and good reason why it was not introduced before the ALJ.

Smitty's argues that it has demonstrated both because it filed a motion for continuance of the ALJ hearing and did not receive notice that the continuance was denied. Smitty's requested a continuance because the owner would be on vacation on the date of the hearing. However, the ALJ scheduled a telephone hearing; Smitty's did not explain why his vacation would make him unavailable to use a telephone to participate in the hearing. In addition, Smitty's was represented by counsel throughout the review process. 646 Indiana Administrative Code 3–12–3(b) allows an employer to be represented by an attorney in a hearing before an ALJ; Smitty's failed to show why its counsel could not present evidence at the hearing on its behalf. On this basis, the Review Board could have refused to accept the additional evidence without abusing its discretion.

Additionally, the affidavit of Sage's coworker likely constitutes hearsay not subject to a common law or statutory exception with respect to admissibility. Although such evidence may be admitted by the ALJ, it "shall not be entitled to the same weight in reaching a decision as is direct testimony." 646 IAC 3–12–3(d). In addition, such evidence may not form the sole basis for a decision by the ALJ or the Review Board. *Id.; see also Unemployment Insurance—Employer Handbook,* § X(A), available at http://www.in.gov/dwd/2427.htm# x ("The ALJ can accept written statements, whether notarized or not, but they will be given no weight because they are not subject to cross-examination or rebuttal."). The Review Board could also have refused to accept the additional evidence on this basis without abusing is discretion.

*Conclusion*

Smitty's failed to demonstrate good cause that additional evidence should be accepted by the Review Board or good reason why such evidence could not have been introduced to the ALJ. Therefore, the Review Board did not abuse its discretion when it refused to accept Smitty's additional evidence.

Affirmed.

CRONE, J., and BROWN, J., concur.

*ORDER*

March 11, 2009, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee Review Board of the Indiana Department of Workforce Development, by counsel, had filed a Motion to Publish.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Motion to Publish is GRANTED, and this Court's opinion handed down in this cause on March 11, 2009, marked memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

ROBB, CRONE, and BROWN, JJ., concur.