**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 09 2012, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ROBERT W. MYSLIWIEC**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KATHRYN GILLESPIE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1106-EX-539 |
| | ) | |
| REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, *et al.,* | ) ) ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
Cause No. 11-R-01896

**May 9, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Claimant, Kathryn Gillespie (Gillespie), appeals the decision by the Review Board of the Indiana Department of Workforce Development (Review Board) which determined her to be ineligible for unemployment benefits.

We affirm.

## ISSUES

Gillespie raises two issues on appeal, which we restate as:

(1) Whether Gillespie voluntarily left her employment without good cause; and

(2) Whether the Review Board abused its discretion by declining to accept additional evidence.

## FACTS AND PROCEDURAL HISTORY

Gillespie worked for Meijer Stores Limited Partnership beginning in May 1997. Gillespie worked as a customer service coordinator and a cashier. Her duties entailed overseeing cashier performance, part of which included ensuring that check-out lines were not too long, that cashiers wore name badges, and from time to time Gillespie served as a 'you-scan' cashier. In October 2010, Michael Mazur (Mazur) became the store director and asked Gillespie to move twenty-four packs of water to another area of the store. Gillespie informed Mazur that she could not because of doctor-imposed work restrictions as a result of a 2008 car accident.

2

On December 10, 2010, Gillespie met with Mazur regarding her job performance. Mazur discussed Gillespie's non-compliance with uniform policy as well as issues regarding her friendliness toward customers. Based on Gillespie's conduct, Mazur informed Gillespie that she would be transferred to a 'you-scan' cashier position the following day. Although Meijer had a policy that cashiers working at 'you-scan' positions would not lift over 10 pounds, Gillespie believed that cashiers were required to lift in excess of 10 pounds as a practical matter. Further, while Gillespie had been working "full-time" hours, she believed that the cashier position was limited to 15 hours per week. Mazur told Gillespie to consider the position and call him with her decision. On December 11, 2010, Gillespie telephoned her resignation at 5:30 a.m.

On January 26, 2011, a claims deputy with the Department of Workforce Development determined that Gillespie "did not voluntarily leave without good cause in connection with the work." (Appellant's App. p. 61). On February 10, 2011, Meijer appealed the deputy's determination. On February 23, 2011, an administrative law judge (ALJ) held the first of two hearings. Gillespie testified that she was a full time employee. Mazur also testified that Gillespie was a full time employee and only her responsibilities not her hours would be reduced since Gillespie would be working at a you-scan cashier position only. On March 16, 2011, the second hearing was held. Mazur along with Gillespie's supervisor testified that Gillespie was hired as a part-time employee and that her status had never changed despite working full-time hours.

On March 25, 2011, the ALJ reversed the claims deputy's decision, concluding that Gillespie had voluntarily left her employment without good cause and thus was not entitled to unemployment benefits. On April 12, 2011, Gillespie appealed the ALJ's conclusion to the Review Board and requested that the Review Board accept new evidence consisting of an unsigned letter purportedly from the Meijer Human Resources Department, which indicated that Gillespie had been a full-time employee since September 2001. On May 20, 2011, the Review Board affirmed the ALJ's decision without considering any new evidence.

Gillespie now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Our supreme court has recently stated the applicable standard of review:

> The standard of review on appeal of a decision of the [Review] Board is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact [-] ultimate facts [-] are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. Ultimate facts are facts that "involve an inference or deduction based on the findings of basic fact." Where such facts are within the "special competence of the [Review] Board," the [reviewing court] will give greater deference to the [Review] Board's conclusions, broadening the scope of what can be considered reasonable.

*Recker v. Review Bd. of Ind. Dep't of Workforce Development*, 958 N.E.2d 1136, 1139 (Ind. 2011). Under the substantial evidence review, "the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence

4

most favorable to the [Review] Board's findings." *McClain v. Review Bd. of Indiana Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind. 1998).

## II. *Voluntary Termination of Employment*

Gillespie contends that the Review Board's decision that she did not voluntarily leave her employment with good cause was contrary to the evidence and the law. Under Ind. Code § 22-4-15-1(a), voluntarily terminating one's employment "without good cause in connection with the work" renders one ineligible for unemployment benefits. *Indianapolis Osteopathic Hosp., Inc. v. Jones*, 669 N.E.2d 431, 434 (Ind. Ct. App. 1996). The claimant has the burden to prove that she left her employment voluntarily with good cause. *Brown v. Indiana Dep't of Workforce Dev.*, 919 N.E.2d 1147, 1151 (Ind. Ct. App. 2009). This requires a showing by the claimant (1) that her reasons for terminating employment would force a reasonably prudent person placed in the same or similar circumstances to abandon the employment relationship, and (2) that such reasons are objectively related to the employment. *Id*.

Gillespie specifically argues that the demotion offered by Mazur effectively brought on her termination because of the physical requirements imposed and her inability to support herself on the minimum number of hours offered. In support, Gillespie refers to the rule that when an employer unilaterally imposes working conditions different from those previously agreed upon by the employer and employee, the employee has good cause to terminate the relationship because of the parties' prior agreement on working conditions. *Jones v. Review Bd. of Indiana Employment Security*

*Div.*, 399 N.E.2d 844, 845 (Ind. Ct. App. 1980). Gillespie asserts that "[s]he certainly had good cause to leave her employment rather than accepting the new conditions, [under] which she could neither physically perform, nor economically support herself." (Appellant's Br. p. 10).

"Good cause" is determined by examining the employer's demands on the employee. *Mshar v. Review Bd. of Indiana Employment Security Div.*, 445 N.E.2d 1376, 1377 (Ind. Ct. App. 1983). When these demands are "so unreasonable and unfair" that a reasonably prudent person would terminate her employment, good cause exists for the employee's voluntary termination. *Id.*

We agree with the Review Board that Gillespie did not demonstrate good cause to voluntarily terminate her employment. In *Davis v. Review Bd. of Indiana Dep't of Workforce Dev.*, 900 N.E.2d 488, 493 (Ind. Ct. App. 2009), we reviewed a similar claim brought by a claimant who was demoted, voluntarily terminated his employment, and sought unemployment benefits. Davis was demoted from a supervisory position because of his inability to successfully perform a key function, that of scheduling employees, despite a number of warnings about his performance. *Id.* Rather than fire Davis, the employer offered him a job at a new facility, albeit with a substantial decrease in pay between 23 and 48 percent. *Id.* We noted that in light of Davis's "ongoing deficient performance as a supervisor" the employer's decision to place Davis in a position more suited to his skills was reasonable and fair, even with the substantial pay reduction. *Id.* Consequently, Davis did not show that the change in his employment terms was so

6

unreasonable or unfair as to compel a reasonably prudent person to quit under similar circumstances. *Id*.

Here, the ALJ "concluded that [Meijer] did not make material and substantial changes in [Gillespie's] position and terms of employment" in connection with her demotion from customer service coordinator to cashier. (Appellant's App. p. 6). The ALJ examined three particular aspects of Gillespie's new position. First, the ALJ reviewed the reasons for Gillespie's demotion and the features of the new position. The 'you-scan' cashier position offered by Mazur encompassed duties previously performed by Gillespie as a part of her customer service coordinator and cashier position. Gillespie's rate of pay, $9.45 per hour, would have stayed the same at her new position.

Second, the ALJ also made findings regarding the impact of the change in light of Gillespie's medical restrictions. Although Gillespie produced a doctor's note from March 10, 2010 to substantiate her medical restriction, the ALJ found that said restriction was subject to review in December 2010 and that Gillespie had not produced documentation to show that the restrictions were still in force at the time of her voluntary termination. Mazur testified that the store's job descriptions and policies restricted supervisors and cashiers from lifting more than ten pounds and instead that cashiers were trained to use the scan gun and leave heavy items on the shopping cart. Although Gillespie testified that actual practice required lifting in excess of ten pounds and that she was ignorant of Meijer's policy, Meijer produced Gillespie's signed acknowledgement of Meijer's policies and procedures.

Third, the ALJ also examined the demotion in light of the hours offered and Gillespie's employee status. Gillespie alleged that her hours would be reduced to 15 hours per week and that she could not support herself on that amount of hours. Mazur testified at the first hearing that Gillespie's hours were not going to be cut and she was scheduled to work the week following her resignation. At the second hearing, Mazur denied telling Gillespie that her hours would be cut to 15 hours, and clarified that hours for full-time employees were 40 hours, and that part-time employees, although permitted to work 40 hours, were subject to hour reductions as a part of store policy. Next, Gillespie testified that she thought she was a full-time employee and had consistently worked forty hours. However, Gillespie could not provide documentation verifying her status at either hearing before the ALJ. Mazur, while agreeing that Gillespie was a full-time employee at the first hearing, stated at the second hearing that an employee's status depended upon classification rather than the number of hours actually worked by the employee. He thereafter affirmed that Gillespie was a part-time employee and produced her job application and initial hiring documentation, which designated Gillespie as a part-time employee. Further, Gillespie's direct supervisor attended the second hearing and testified that Gillespie was a part-time employee.

In light of the foregoing, we cannot say that Meijer's demands would cause a reasonably prudent person to terminate her employment. *See Davis*, 900 N.E.2d at 493. Accordingly, we affirm the Review Board's determination that Gillespie voluntarily terminated her employment without good cause in connection with the work.

8

III. *Additional Evidence*

Gillespie was unable to produce documentation to the ALJ substantiating that she was a full-time employee at Meijer. Along with appeal to the Review Board, Gillespie's attorney requested the Review Board to consider a letter dated April 4, 2011, purportedly sent by Meijer Human Resources Shared Services. Gillespie's notice of appeal stated, in pertinent part:

NEWLY SUBMITTED EVIDENCE

Attached hereto is a letter from Meijer Human Resources dated April 4th 2011, which was not available during the administrative hearings.

This letter states that [Gillespie] became a full-time employee on September 30th, 2001[,] and continued that status until her employment was terminated on December 11th, 2010.

(Appellant's App. p. 10). On appeal, Gillespie asserts that the Review Board abused its discretion by declining to accept this additional evidence.

"The admission of additional evidence is within the Review Board's discretion." *Ritcheson-Dick v. Unemployment Ins. Rev. Bd.*, 881 N.E.2d 54, 56 (Ind. Ct. App. 2008). Thus, we will not disturb the Review Board's decision unless it is arbitrary or capricious as revealed by the uncontradicted facts. *Smitty's Painting, Inc. v. Review Bd. of Dep't of Workforce Dev.*, 908 N.E.2d 244, 247 (Ind. Ct. App. 2009). The Review Board's regulation regarding additional evidence provides as follows:

Each hearing before the [R]eview [B]oard shall be confined to the evidence submitted before the [ALJ] unless it is an original hearing. Provided, however, the [R]eview [B]oard may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such

9

additional evidence was not procured and introduced at the hearing before the [ALJ].

646 Indiana Admin. Code 3-12-8(b).[1]

Gillespie's counsel stated that the letter from Meijer's Human Resources Department was not yet in existence at the time of Gillespie's hearing before the ALJ. Apart from asserting the letter's unavailability, Gillespie's counsel did not explain why the letter had not been procured prior to the hearing before the ALJ, but merely cited to language in the letter to support Gillespie's disputed contention that she was a full-time employee.[2] Thus, although Gillespie accuses the Review Board of abusing its discretion, she makes no argument as to how the Review Board acted arbitrarily or capriciously based on the uncontested facts. *See Smitty's Painting, Inc.*, 908 N.E.2d at 247. We therefore cannot say that the Review Board abused its discretion by declining to consider the letter.

## CONCLUSION

Based on the foregoing, we conclude that the Review Board properly affirmed the ALJ's decision that Gillespie had voluntarily left her employment without good cause

---

[1] We note that on April 26, 2011, 646 I.A.C. 3-12-8(b) was repealed. On the same day, 646 I.A.C. 5-10-11(b) was enacted, and sets forth the Review Board's procedures on accepting additional evidence.

[2] Gillespie also attacked the Review Board's adoption of the ALJ's decision as contrary to law as a result of ignoring competent evidence, *i.e.*, the letter. However, as noted herein, Gillespie's employment status was contested at the hearings before the ALJ and we have determined that the Review Board did not abuse its discretion in declining to accept additional evidence. Accordingly, Gillespie's argument that the Review Board's decision is based on incompetent evidence fails.

10

and therefore was not eligible to receive unemployment benefits. Further, the Review Board did not abuse its discretion by declining to review additional evidence submitted by Gillespie.

Affirmed.

BRADFORD, J. concurs
BARNES, J. dissents with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

KATHRYN GILLESPIE,          )
                              )
       Appellant-Petitioner,    )
                              )
            vs.            )     No. 93A02-1106-EX-539
                              )
REVIEW BOARD OF THE INDIANA  )
DEPARTMENT OF WORKFORCE    )
DEVELOPMENT, *et al.,*          )
                              )
       Appellee-Respondents.    )

**BARNES, Judge, dissenting with separate opinion**

I respectfully dissent. I believe the Review Board abused its discretion by denying Gillespie the opportunity to submit additional evidence showing her status as a full-time employee as of September 30, 2001. Gillespie had worked for Meijer for thirteen years and, for the overwhelming majority of that time, she had been working forty hours per week. Throughout both ALJ hearings, all witnesses agreed that Gillespie had been working full-time hours. Gillespie's status as a full-time or part-time employee did not become an issue until the second ALJ hearing when Gillespie's immediate supervisor testified that Gillespie's 1997 employment application indicated she was a part-time employee. When the 1997 document was tendered by Meijer to affirm its position that

she was a part-time employee, fundamental fairness dictated, in my view, that Gillespie be given an opportunity to put into evidence a letter rebutting that claim. After all, the stated legislative purpose of the Indiana Unemployment Compensation Act is "to provide for payment of benefits to persons unemployed through no fault of their own . . . ." Ind. Code 22-4-1-1. Because the issue of Gillespie's status did not arise until the second ALJ hearing, I believe the Review Board abused its discretion by not considering the additional evidence submitted by Gillespie on this issue.

Regardless of her official status as a full-time or part-time employee, Gillespie had been working full-time hours as a customer service coordinator and, according to the ALJ's findings, when Gillespie left her employment, there would have been "15 hours of work available to [her] in the you-scan cashier position." App. p. 4. At that time, Gillespie was still under medical restrictions not to lift ten pounds or do any pushing, pulling, bending, or twisting, and Gillespie felt she would not be able to work as a you-scan cashier because of these restrictions. Under these circumstances, I believe that Meijer's demands were "so unreasonable or unfair that a reasonably prudent person would be compelled to quit." S.A. v. Review Bd. of Indiana Dept. of Workforce Dev., 936 N.E.2d 336, 338 (Ind. Ct. App. 2010). I vote to reverse the Review Board's decision denying Gillespie unemployment benefits.

13