**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**KATHY J. RAGLA**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JANINE STECK HUFFMAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 20 2013, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KATHY J. RAGLA,            )
                          )
   Appellant,          )
                          )
     vs.            )          No.  93A02-1207-EX-550
                          )
REVIEW BOARD OF THE INDIANA   )
DEPARTMENT OF WORKFORCE       )
DEVELOPMENT and WENDY'S OF    )
FORT WAYNE, INC.,             )
                          )
   Appellees.          )

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT
OF WORKFORCE DEVELOPMENT
Cause No. 12-R-01621

February 20, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Kathy Ragla, pro se, appeals the Unemployment Review Board's (the "Board") decision affirming a denial of unemployment benefits. She presents two restated issues on appeal: 1) whether the Board abused its discretion when it declined to accept additional evidence; and 2) whether there was substantial evidence to support a denial of benefits. Concluding that the Board did not abuse its discretion, and that there was substantial evidence to support the Board's decision, we affirm.

## Facts and Procedural History

Ragla worked as a general manager for a fast food restaurant from April 2009, through February 8, 2012. In December 2011, Ragla was supposed to conduct a cleaning inspection of the business. On December 28, 2011, she emailed the cleaning score to a superior. When a copy of the inspection was requested, Ragla claimed that it was destroyed when a drink was spilled on it, and that an electronic version could not be found. When a director requested video of the morning of December 28, 2011, around the time Ragla emailed the cleaning score, Ragla responded that the video for that morning was missing, although it was her responsibility to maintain the accuracy of the clock on the video surveillance. The director reviewed the video for December 28 and the previous three weeks, and found that the video for the morning of the 28th was not missing, and that neither at that time nor in the previous three weeks could Ragla be seen completing an inspection.[1] Ragla

---

[1] Later at the hearing, Ragla claimed that the inspection was done on December 23 and she just did not send the score until December 28. However, the tape of Dec 23 was among those reviewed, and the director could not find footage of her completing an inspection on that day either.

2

was then terminated for falsifying documents, which was considered gross misconduct and a terminable offense under company policy.

A deputy with the Indiana Department of Workforce Development initially granted Ragla unemployment benefits, and her employer then appealed. On April 13, 2012, a hearing was held with an Administrative Law Judge ("ALJ") of the Department of Workforce Development. The ALJ found that Ragla was discharged for just cause, reversed the initial determination of the deputy, and suspended Ragla's benefits. Ragla appealed to the Board, which adopted the ALJ's findings of fact and conclusions of law and affirmed the decision of the ALJ. Ragla now appeals.

Discussion and Decision

I. Review Board's Rejection of Additional Evidence

A. Standard of Review

The admission of additional evidence is within the Review Board's discretion. Smitty's Painting, Inc. v. Review Bd. of Dept. of Workforce Dev., 908 N.E.2d 244, 246 (Ind. Ct. App. 2009); 646 Ind. Admin. Code 5-10-11. We review the decision for an abuse of discretion, which occurs if the decision is arbitrary or capricious as revealed by the uncontradicted facts. Smitty's, 908 N.E.2d at 246.

B.

The Indiana Administrative Code permits the Board to hear evidence not submitted to the ALJ, upon its own motion or a written application of either party, "for good cause shown, together with a showing of good reason why the additional evidence was not procured and

3

introduced at the hearing before the administrative law judge." 646 Ind. Admin. Code 5-10-11. Ragla concedes that the Board has the discretion to deny additional evidence, but claims that the rule itself is erroneous and contrary to Trial Rule 59. However, Ragla fails to develop or support this argument and so it is waived. See Ind. Appellate Rule 46(A)(8)(a) (requiring that contentions in appellant's briefs be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal).

The evidence that Ragla wanted the Board to admit appears to be a copy of a personal email indicating that the sender would write her a statement for her case, and then apparently a short unsigned statement regarding other alleged cases of gross misconduct for which employees were not terminated.[2] The email chain included in her appendix shows that Ragla did not attempt to obtain the statement until after the hearing with the ALJ. She includes no explanation of why the statement was not or could not have been obtained prior to the hearing. Further, because of the nature of the evidence, it is not at all clear that its admission would have changed the result of the Board's decision. We conclude that the Board was entirely within its rights when it declined to consider this evidence, and did not abuse its discretion in so doing.

---

[2] We note that a copy of the statement was included in Ragla's original appendix, which was returned to her for untimeliness and other deficiencies. When Ragla re-tendered her appendix, she failed to include the statement. For the content of the statement, we have referred to a copy of the first appendix that the clerk's office kept on file.

## II. Substantial Evidence

### A. Standard of Review

Our supreme court has clarified the standard when we review the Board's findings and conclusions. Review of the Board's findings of basic fact are subject to a substantial evidence standard of review in which the Board's decision will be reversed only if there is no substantial evidence to support the findings. McClain v. Review Bd. of Ind. Dept. of Workforce Dev., 693 N.E.2d 1314, 1317 (Ind. 1998). Under this standard, we do not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the Board's findings. Id. Conclusions or inferences from those facts, sometimes referred to as "ultimate facts" and characterized as mixed questions of law and fact, are reviewed to ensure that the Board's inferences are reasonable. Id. at 1317-18. If a question of ultimate fact is within the special competence of the Board, then we give greater deference to the reasonableness of the Board's decision. Id. at 1318. In either case, an inference requires reversal if the underlying facts are not supported by substantial evidence, the logic of the inference is faulty, or the Board proceeds under an incorrect view of the law. Id. Finally, conclusions of law are analyzed de novo. See id. at 1317.

### B. Ragla's Termination

In order to establish a prima facie case for violation of an employer rule, the employer must demonstrate that the employee 1) knowingly violated a 2) reasonable and 3) uniformly enforced rule. Id. at 1318. Here, Ragla does not argue that her violation was unknowing,

and in fact the record shows that the company had written rules regarding falsification of records being a terminable offense, and that Ragla had read and understood this policy.

Ragla seems to contest the reasonableness of the policy, although she does not provide a cogent argument for why the policy is unreasonable. The ALJ and the Board found that the policy was reasonable because it met the standard articulated in Gen. Motors Corp. v. Review Bd. of Ind. Dept. of Workforce Dev., 671 N.E.2d 493, 497 (Ind. Ct. App. 1996), that "[a] work rule is reasonable if it protects the interests of the employees as well as those of the employer." The reasonableness of a workplace rule is an ultimate fact which is within the special competence of the Board, and is a finding to which we give greater deference. McClain, 693 N.E.2d at 1318. There was testimony at the hearing that the rule is in place to protect the business and the integrity of financial and business information. Here, the logic of the Board's inference is reasonable and supported by evidence in the record, and is also based on good law.

Ragla mainly contests that the rule was uniformly enforced, and this contention seems to be based on the additional evidence that the Board declined to consider. As noted above, that decision was within the discretion of the Board. Further, to the extent that testimony is conflicting, we do not reweigh the evidence or determine credibility of witnesses. There was testimony at the hearing that the employer terminates all employees who falsify records, which is sufficient evidence to support the conclusion that the rule was uniformly enforced.

6

We conclude that there was substantial evidence to support the determination of the Board that Ragla knowingly violated a reasonable and uniformly enforced rule, and that she was therefore discharged for just cause.

Conclusion

Concluding that the Board did not abuse its discretion when it declined to consider additional evidence, and that the Board's determination that Ragla was discharged for just cause was supported by substantial evidence, we affirm.

Affirmed.

MAY, J., and PYLE, J., concur.