**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RONALD E. WELDY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE DEGOOD
DIMENSIONAL CONCEPTS, INC:

**ROBERT OWEN VEGELER**
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J.W., | ) | |
| | ) | |
| Appellant-Claimant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1205-EX-432 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and DEGOOD | ) | |
| DIMENSIONAL CONCEPTS, INC., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 12-R-01184

**March 28, 2013**

**PYLE, Judge**

STATEMENT OF THE CASE

J.W. appeals the decision of the Review Board of the Indiana Department of Workforce Development (the "Review Board") denying his claim for unemployment benefits.

We affirm.

ISSUES

1. Whether the Review Board properly determined that J.W. was terminated for just cause.

2. Whether the Review Board abused its discretion by not accepting additional evidence from J.W.

FACTS

J.W. worked as an executive at DeGood Dimensional Concepts, Inc. ("DeGood"). DeGood terminated J.W. from his position on January 4, 2011. J.W. filed a claim for unemployment benefits. On February 3, 2011, a claims deputy for the Indiana Department of Workforce Development determined that J.W. was discharged for just cause for excessive absenteeism and reduced and suspended J.W.'s unemployment benefits. J.W. appealed that decision to an administrative law judge ("ALJ"). A hearing was held on February 23, 2011, and the ALJ reversed the decision of the claims deputy. The Review Board affirmed the decision of the ALJ. Upon DeGood's appeal to this

2

Court, we affirmed the Review Board in part but remanded for further consideration of DeGood's other stated reasons for discharge. *DeGood Dimensional Concepts*, *Inc*. v. *Review Bd. Of Indiana Dept. of Workforce Development*, 93A02-1104-EX-390 (Ind. Ct. App. November 22, 2011).

On February 29, 2012, the ALJ conducted another hearing and issued a decision affirming the claims deputy's determination that J.W. was fired for cause and provided in relevant part:

> *FINDING OF FACT:* The claimant worked for the employer from December 16, 2008 until December 31, 2010. The claimant worked as a full-time Sales Vice President and earned approximately $55,000 annually. The employer contends that the claimant was discharged for a combination of the following reasons: …(4) breach of a non-disclosure agreement….
>
> The employer also discharged [claimant] for breaching the non-disclosure agreement by telling Dorothy Dye, (an employee of the employer) that Gemm, (another employer), wanted Ms. Dye to show them how to perform a cleaning and testing process that the employer used on its products. Gemm provided laser marking[sic] services for the employer. After Gemm returned the employer's products to the employer with the laser markings, the employer would then perform the cleaning and testing process on those parts. Employees of Gemm informed the claimant that Gemm could do the cleaning and testing process for the employer as a service to the employer. The employer did not provide that process as a service to other individuals or companies at that time.
>
> On approximately December 28, 2010 or December 29, 2010, the claimant told Ms. Dye that Gemm wanted her to show them how to set up, run, and document the cleaning process that the employer uses in its operations. The claimant also told Ms. Dye that she could make $100.00 to $200.00 if she showed Gemm how to do the process. Ms. Dye did not comply with Gemm's request. The claimant asked Ms. Dye why she did not want to take advantage of the opportunity. The claimant did not inform Mr. DeGood or Ms. DeGood of Gemm's request to learn the employer's process.

3

*CONCLUSIONS OF LAW*:  In *Cheatem v. Review Bd. Of Indiana Dep't of Employment & Training Servs.*, 553 N.E.2d 888, 892 (Ind. Ct. App. 1990), the Indiana Court of Appeals of [sic] stated:

Determination of cause is a question of fact.  It is conduct evidencing such willful or wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or a carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent, or evil design or to show an intentional or substantial disregard of the employer's interest, or of the employee's duties or obligation to his employer.

…[R]egarding the incidents related to the non-disclosure agreement, the Administrative Law Judge concludes that the employer established that the claimant demonstrated a willful or wanton disregard to the employer's interest and the claimant's duties or obligation to the employer.  More specifically, the claimant asked Ms. Dye to show another employer how to perform and document the employer's internal cleaning and testing process, without notifying Mr. DeGood or Ms. DeGood.

Prior to doing so, the claimant had been warned/notified by Ms. DeGood on December 9, 2010, not to relay order information to the employer's customer without permission.  Moreover, the claimant signed a non-disclosure agreement that prohibited him from communicating information about the employer's processes to any other entity.  Accordingly, the claimant should have known that he could be discharged for asking and/or suggesting that another employee communicate such information. Therefore, the Administrative Law Judge concludes that the claimant breached a duty reasonably owed to the employer and that the claimant was discharged for just cause as defined by Ind. Code §22-4-15-1.

(Tr. 182, 186).

J.W. appealed the ALJ's decision to the Review Board, and the Review Board adopted the findings of fact and conclusions of the ALJ and affirmed the decision.

4

DECISION

1. Termination for Just Cause

J.W. essentially challenges the sufficiency of the evidence to support the Review

Board's decision.

> In Review Board cases, we are limited to a two-part inquiry into the
> sufficiency of the facts found to sustain the findings of fact. We will
> reverse the decision only if there is no substantial evidence to support its
> findings. In concluding our analysis, we neither reweigh the evidence nor
> assess witness credibility.
>
> An unemployment claimant is ineligible for unemployment benefits if she
> is discharged for just cause. The employer bears the burden of establishing
> a prima facie showing of just cause for termination. Once that burden is
> met, the burden shifts to the employee to introduce competent evidence to
> rebut the employer's case.

*Moore v. Review Bd. Of Ind. Dep't of Workforce Dev.*, 951 N.E.2d 301, 306 (Ind. Ct.

App. 2011). Just cause also includes "any breach of duty in connection with work which

is reasonably owed an employer by an employee." Ind. Code § 22-4-15-1(d)(9).

Here, DeGood presented evidence that J.W. signed a non-disclosure agreement

that provided, in relevant part, that J.W. refrain from "[disclosing] to any individual, joint

venture, partnership, corporation, or entity of any type, information concerning any

pattern, compilation, program device, method, technique, process, design, design plan, or

manufacturing process obtained by Employee as a result of his employment…."

(Exhibits, 89). Despite signing the non-disclosure agreement, J.W. twice solicited a

fellow employee to help another company implement an internal cleaning process for that

other company. On appeal, J.W. argues that the ALJ based the decision on evidence that

5

was not credible. We decline J.W.'s invitation to reassess the credibility of the witnesses. As did the Review Board, we agree with the ALJ's finding; J.W. should have known that violating the non-disclosure agreement would subject him to being terminated from his employment with DeGood. Thus, we affirm the Review Board's determination that J.W. was terminated for just cause.

## 2. Accepting Additional Evidence

J.W. also claims that the Review Board abused its discretion by failing to accept new evidence during its appeal process.

The admission of evidence is within the Review Board's discretion. *Smitty's Painting*, *Inc. v. Review Bd. Of Dept. of Workforce Development*, 908 N.E.2d 244 (Ind. Ct. App. 2009). We review such decisions for an abuse of discretion, which occurs if the decision is arbitrary or capricious as revealed by the uncontradicted facts. *Id.* 646 Ind. Admin. Code 3-12-8(b) provides:

> Each hearing before the review board shall be confined to the evidence submitted before the administrative law judge unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the administrative law judge.

J.W. filed a request that the Review Board accept additional evidence. He claimed that he was unaware that DeGood would allege a violation of the non-disclosure agreement. However, from our review of the record, the allegation of violating the non-

6

disclosure agreement should not have been a surprise. Dorothy Dye testified at the hearing on February 23, 2011 that J.W. approached her about sharing the internal cleaning process. This Court's ruling in DeGood's first appeal found that discharge was not for cause on some allegations. However, we remanded for further consideration of DeGood's other stated reasons, one of which was violating the non-disclosure agreement. A thorough review of the prior record by J.W. should have sufficiently put him on notice of the issue. Accordingly, we find no abuse of discretion in the Review Board rejecting J.W.'s request to submit additional evidence.

Affirmed.

Robb, C.J., concurs in result without opinion.
May, J., concurs.