Abdinasir ABDIRIZAK, Appellant–
Claimant,

v.

REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT and Elwood Staff-
ing Services Inc., Appellee–Employer.

No. 93A02–0406–EX–462.

Court of Appeals of Indiana.

April 28, 2005.

Thomas M. Weinland, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Abdinasir Abdirizak appeals the determination of the Defendant–Appellee Review Board of the Indiana Department of Workforce Development ("Review Board") denying his claim for unemployment benefits.

We reverse the Review Board's decision and remand to the Review Board for proceedings consistent with this opinion.

### ISSUE

Abdirizak presents two issues for our review, one of which is dispositive: whether the Review Board erred by affirming the administrative law judge's ("ALJ") decision denying Abdirizak unemployment benefits where Abdirizak claimed he never received notice of the hearing.

### FACTS AND PROCEDURAL HISTORY

Abdirizak was employed by Elwood Staffing Services, Inc. from July 2002 until July 2003, when he was discharged. Abdirizak was terminated for failing to come to work and failing to call his employer to inform his employer he would not be there. Thereafter, Abdirizak filed for unemployment benefits. In August 2003, a claims deputy determined that Abdirizak was eligible to receive benefits. Elwood Staffing Services appealed this determination, and the Department of Workforce Development mailed notices on October 17, 2003, that a hearing was set for the appeal filed by Elwood Staffing Services. Abdirizak marked the box on the second page of the notice that stated "I will participate in the hearing" and returned the page to the ALJ, as indicated on the form. On October 27, 2003, the Department of Workforce Development mailed another notice stating that Elwood Staffing Services had requested that the hearing be postponed. The notice additionally informed the parties that the ALJ had granted the postponement and that the ALJ would notify the parties at a later time of the date and time for the re-scheduled hearing. Subsequently, on November 18, 2003, the Department of Workforce Development allegedly mailed a notice to the parties informing them that the hearing on Elwood Staffing Services' appeal was re-scheduled for December 8, 2003. This time the second page of the notice where the parties indicate whether they will participate at the hearing was not marked and returned to the ALJ by Abdirizak.

The hearing was held on December 8, 2003, at which time Elwood Staffing Services appeared. Abdirizak was not present for the hearing. The ALJ reversed the original determination and found that Abdirizak had been discharged for cause such that he was ineligible to receive unemployment benefits. On December 15, 2003, the Department of Workforce Development mailed notices to the parties notifying them of the decision of the ALJ. On December 31, 2003, Abdirizak filed with the Department of Workforce Development his application for leave to introduce additional evidence to the review board indicating that he had not received notice of the re-scheduled hearing. The Review

Board denied Abdirizak's request to submit additional evidence on March 30, 2004. From that determination, Abdirizak now appeals.

### DISCUSSION AND DECISION

Abdirizak contends that the Review Board erred by affirming the ALJ's decision denying him unemployment benefits in light of his claim that he had not received notice of the hearing.

When reviewing a decision by the Review Board, our task is to determine whether the decision is reasonable in light of its findings. *Stanrail Corp. v. Unemployment Ins. Review Bd.*, 734 N.E.2d 1102, 1105 (Ind.Ct.App.2000). Our review of the Review Board's findings is subject to a "substantial evidence" standard of review. *Stanrail Corp. v. Review Bd. of Dept. of Workforce Development*, 735 N.E.2d 1197, 1202 (Ind.Ct.App.2000). In this analysis, we neither reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the Review Board's findings. *Id.* Further, we will reverse the decision only if there is no substantial evidence to support the Review Board's findings. *Id.*

The Indiana Employment Security Act ("the Act") is given a liberal construction in favor of employees. *Scott v. Review Bd. of Indiana Dept. of Workforce Development*, 725 N.E.2d 993, 996 (Ind.Ct. App.2000). It merits such a construction because it is social legislation with underlying humanitarian purposes. *Id.* The Act provides that parties to a disputed claim for unemployment benefits are to be af-

forded "a reasonable opportunity for fair hearing." Ind.Code § 22–4–17–3. We interpret this provision to include reasonable notice, which requires that parties receive actual, timely notice. *Id.* Where an administrative agency does in fact send notice through the regular course of mail, a presumption arises that such notice is received. *Id.* However, that presumption is rebuttable. *Id.*

In *Carter v. Review Bd. of Indiana Dept. of Employment and Training Services*, 526 N.E.2d 717 (Ind.Ct.App.1988), Carter filed a claim for unemployment benefits after he was discharged from his employment. The claims deputy found him eligible for benefits. Carter's employer appealed, and notices of the hearing date were sent to the parties. Although the notice was not returned to the sender, Carter claimed he never received the notice. The employer appeared for the hearing, but Carter was not present. The hearing was conducted in Carter's absence, and the earlier decision was reversed by the referee. Carter appealed from this determination on the basis that he had no notice of the hearing. The Review Board affirmed the referee's decision to deny Carter benefits without addressing his claim of lack of notice.[1]

A panel of this Court determined that because there was a factual dispute about whether Carter had received notice of the hearing, the case had to be reversed and remanded for a hearing on Carter's claim of inadequate notice. In remanding the case for an evidentiary hearing, this Court stated:

1. We note that in reversing and remanding Carter's case for an evidentiary hearing on the notice issue, this Court stated that the information contained in Carter's Request for Appeal to the Review Board was sufficient to meet the conditions under which the Review Board will hear additional evidence on a claim even though Carter did not file an Application for Leave to Introduce Additional Evidence to Review Board. In the instant case, it was an Application for Leave to Introduce Additional Evidence to Review Board that Abdirizak filed in which he stated that he did not have notice of the hearing.

Carter cannot be found to have been afforded an opportunity to be heard as mandated by the doctrine of procedural due process, if he was not apprised of the time and place of the referee's hearing. If, on the other hand, Carter is unable to overcome the presumption that he did receive notice through the mail, then he was afforded an opportunity to be heard which he effectively waived by failing to be present at the hearing.

*Id.* at 719.

In *Carter*, it was uncontested that notice was sent to Carter; the only fact in dispute was whether Carter actually received notice of the evidentiary hearing. Here, it is disputed both whether the notice was actually sent and whether Abdirizak received notice of the hearing. As occurred in *Carter*, the notice in the present case was not returned to the sender. However, it is interesting to note that the second page of the notice where each party indicates their intent to participate or not participate in the hearing was not returned to the ALJ by Abdirizak as was the second page of the original notice of October 17, 2003, on which Abdirizak had indicated he would participate in the hearing. Moreover, the form of the Department of Workforce Development entitled "Docket Notes" contains, under the category labeled "Mailed," a date stamp for the mailing of the notice of the continuance on October 27, 2003, as well as a date stamp for the mailing of the December 15, 2003 notice of the ALJ's decision. Appellant's Appendix at 35. Notably, however, there is no date stamp or other indication of the mailing of the notice dated November 18, 2003, which provided the date and time of the re-scheduled evidentiary hearing.

There are two facets of due process at work in this case. The first is Abdirizak's opportunity to be heard on his lack of notice. *See Carter*, 526 N.E.2d at 719. Abdirizak has not had an opportunity to present evidence on the notice issue because his Application for Leave to Introduce Additional Evidence to Review Board was denied without hearing. If Abdirizak is able to show that he did not receive notice of the hearing, then he was not afforded an opportunity to be heard and, thus, he was not afforded due process on his underlying substantive claim. This brings us to the second facet of due process with which we are concerned: Abdirizak's right to be heard on the underlying substantive claim. *See id.* Therefore, given the circumstances, an evidentiary hearing on Abdirizak's claim of inadequate notice is necessary in order to determine whether the requirements of due process have been met in this case.

## CONCLUSION

Based upon the foregoing discussion and authorities, we conclude that the Review Board erred by affirming the administrative law judge's ("ALJ") decision denying Abdirizak unemployment benefits where Abdirizak claimed he never received notice of the hearing.

Reversed and remanded to the Review Board for proceedings consistent with this opinion.

NAJAM, J., and VAIDIK, J., concur.