# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ADAM MUELLER**
**LISA LAWS KOHLI**
**JOSEPH B. GLASS**, Certified Legal Intern
Indiana Legal Services, Inc.

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana



FILED
May 28 2014, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MELISA R. DIGBIE, )
)
    Appellant, )
)
    vs. )    No. 93A02-1312-EX-1054
)
REVIEW BOARD OF THE INDIANA )
DEPARTMENT OF WORKFORCE )
DEVELOPMENT and EAGLECARE LLC, )
)
    Appellees. )

APPEAL FROM REVIEW BOARD OF THE
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 13-R-4054

**May 28, 2014**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Melisa Digbie appeals the decision of the Review Board of the Department of Workforce Development ("Review Board") in favor of Eaglecare LLC on her claim for unemployment benefits. Digbie presents a single issue for our review, namely, whether the evidence supports the finding of the Administrative Law Judge ("ALJ"), as adopted by the Review Board, that Digbie failed to appear at an evidentiary hearing without good cause.

We reverse and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

From December 5, 2012, through May 1, 2013, Digbie was employed by Eaglecare. Following her termination, Digbie applied for, and received, unemployment benefits. On June 28, Eaglecare appealed the Department of Workforce Development ("DWD") claims deputy's determination of Digbie's eligibility for benefits, and the DWD scheduled a hearing before the ALJ for August 6. A representative of Eaglecare attended the August 6 hearing, but neither Digbie nor counsel for Digbie appeared at the hearing. The ALJ heard evidence from Eaglecare and concluded that Digbie was ineligible for unemployment benefits.

In early September, Digbie discovered that she had missed the hearing date on August 6, and she appealed the ALJ's decision denying her benefits. The Review Board ordered the parties to attend a hearing before a new ALJ on the issue of whether Digbie could show good cause for failure to appear at the August 6 hearing. Following that hearing, the ALJ concluded that Digbie had failed to show good cause and reissued the

2

ALJ's determination following the August 6 hearing. Digbie appealed that decision to the Review Board, which affirmed the ALJ's decision. This appeal ensued.

## DISCUSSION AND DECISION

This court set out the applicable standard of review in Abdirizak v. Review Board of Indiana Department of Workforce Development, 826 N.E.2d 148, 150 (Ind. Ct. App. 2005):

> When reviewing a decision by the Review Board, our task is to determine whether the decision is reasonable in light of its findings. Stanrail Corp. v. Unemployment Ins. Review Bd., 734 N.E.2d 1102, 1105 (Ind. Ct. App. 2000). Our review of the Review Board's findings is subject to a "substantial evidence" standard of review. Stanrail Corp. v. Review Bd. of Dept. of Workforce Development, 735 N.E.2d 1197, 1202 (Ind. Ct. App. 2000). In this analysis, we neither reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the Review Board's findings. Id. Further, we will reverse the decision only if there is no substantial evidence to support the Review Board's findings. Id.

Here, Digbie contends that the Review Board erred when it found that the evidence established a rebuttable presumption that the DWD had properly served Digbie notice of the hearing because there is no evidence to show that the DWD mailed her such notice. The DWD maintains that "[i]t was never disputed below that the [DWD] sent the notice by mail to Digbie's valid address; Digbie's only contention was that she never received it." Appellee's Brief at 9. We agree with Digbie.

Relevant to this appeal, 646 Indiana Administrative Code 5-10-19(a) provides as follows:

> (a) Notice of all hearings or proceedings before an administrative law judge, or the review board, unless otherwise directed by statute, shall be given by United States mail, with proof of mailing being prima facie evidence of service, or by facsimile or electronic means agreed upon by the

3

party receiving the notice, addressed to the parties' addresses of record on file with the department.

* * *

(d) A document mailed to a party is presumed to be received if the document was mailed to the complete, correct address of record unless:

> (1) there is tangible evidence of nondelivery, such as the document being returned to the agency by the United States Postal Service; or

> (2) credible and persuasive evidence is submitted to the agency to establish nondelivery, delayed delivery, or misdelivery of the document.

(Emphasis added).

The Indiana Employment Security Act ("the Act") is given a liberal construction in favor of employees. Abdirizak, 826 N.E.2d at 150. It merits such a construction because it is social legislation with underlying humanitarian purposes. Id. The Act provides that parties to a disputed claim for unemployment benefits are to be afforded "a reasonable opportunity for fair hearing." Ind. Code § 22-4-17-3. We interpret this provision to include reasonable notice, which requires that parties receive actual, timely notice. Abdirizak, 826 N.E.2d at 150. Where an administrative agency sends notice through the regular course of mail, a presumption arises that such notice is received. Id. While that presumption is rebuttable, to establish the presumption in the first instance the agency must demonstrate that it actually sent the notice through regular mail. See id.

Here, our review of the record indicates that the DWD failed to present any evidence to prove that it mailed Digbie notice of the August 6 hearing. Indeed, the DWD does not direct us to anything in the record showing proof of mailing. Instead, the DWD

4

suggests that it was entitled to the rebuttable presumption of service because "the notice of the August 6, 2013, hearing was admitted into evidence by the first ALJ . . . [, so] it was already part of the record when the case was remanded to [the second ALJ] for the October 2013 hearing, and it did not require re-admission." Appellee's Brief at 14 (emphasis added). But the admission into evidence of the notice is not proof of mailing that notice.

In his findings and conclusions, the second ALJ found in relevant part as follows:

Because the date of the decision is on the face of the hearing notice, it is unnecessary for a Departmental employee to testify as to when the document was mailed. See Owen County v. Ind. Dep't Workforce Dev., 861 N.E.2d 1282, 1289 (Ind. Ct. App. 2007) (stating that ". . . the date of the decision is the operative date . . ." that begins the time to timely appeal a decision). The date the hearing notice was mailed is on the front of the hearing notice, and no additional evidence is necessary to establish what the date on the front of the document is already purporting—that the hearing notice was mailed to the parties on that day.

Appellant's App. at 3. First, this court's opinion in Owen County is obviously inapposite here. Our holding in Owen County addressed only the time for filing a notice of appeal and had nothing to do with proof of mailing. 861 N.E.2d at 1289. Second, that the notice itself purports to state the "Mailing Date of this Document" is not proof that it was actually mailed. Appellee's App. at 18. To hold otherwise would permit countless letters to be deemed delivered simply because the letters themselves are written to say so. Moreover, satisfying this evidentiary burden is hardly difficult. For example, the agency need only offer testimony that the notice was mailed or produce evidence of a contemporaneous notation in the claimant's file, similar to a CCS entry, that the notice was placed in the mail on a specific date.

We hold that the DWD presented no evidence that it mailed notice of the August 6 hearing to Digbie. Thus, the DWD was not entitled to the rebuttable presumption that Digbie received notice of that hearing. We reverse the Review Board's determination that Digbie received notice of the August 6 hearing[1] and remand for a new evidentiary hearing on the merits of Digbie's application for unemployment benefits.

Reversed and remanded for further proceedings.

VAIDIK, C.J., and BROWN, J., concur.

---

[1] The DWD is not entitled to another hearing on this issue.