## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2019, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

R.P.
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT

Heather D. Cummings
Review Board Staff Attorney
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

R.P.,

*Appellant-Claimant,*

*v.*

Review Board of the Indiana Department of Workforce Development,

*Appellee-Respondent.*

June 19, 2019

Court of Appeals Case No.
18A-EX-1689

Appeal from the
Review Board of the Indiana
Department of Workforce
Development

Steven F. Bier, Chairperson, and
Lawrence A. Dailey, Member

**Kirsch, Judge.**

R.P. ("Claimant") appeals the Review Board of the Indiana Department of Workforce Development's ("Review Board") denial of unemployment benefits, raising the following restated issue for review: whether the Review Board's determination that Claimant voluntarily left his employment without good cause was supported by the evidence.

We affirm.

## Facts and Procedural History

Claimant worked as a millwright for a construction company. He resigned on December 23, 2017 and applied for unemployment benefits. The Administrative Law Judge ("ALJ") heard the matter on May 21, 2018. *Tr.* at 2. During the hearing, when asked whether he quit or was discharged, Claimant stated "…I quit. Voluntary layoff." *Id.* He told the ALJ that he had to quit because of "family issues." *Id.* at 6. Claimant also stated that the Company recorded his departure as a layoff. *Id.* Claimant said that it was his

understanding that a person "can leave a job at any time," but, if the employee is a good worker, the company will record the departure as a layoff. *Id.* at 7.

[4] Claimant was found not eligible for unemployment compensation. *Ex. Vol.* at 16. The ALJ found that the reasons for Claimant leaving voluntarily were not job-related and concluded that Claimant "quit due to personal reasons" and without good cause and determined that Claimant was disqualified from receiving benefits under the Unemployment Compensation Act. *Ex. Vol.* at 17.*Id.*

[5] Claimant appealed the decision to the Review Board on May 30, 2018. *Appellee's App. Vol. 2* at 5. On June 15, 2018, the Review Board entered its order, affirming the ALJ's decision and adopting and incorporating therein the ALJ's findings of facts and conclusions of law. *Id.* Claimant now appeals.

## Discussion and Decision

[6] When reviewing a decision by the Review Board, our standard of review is well established:

"The Indiana Unemployment Compensation Act provides that any decision of the review board shall be conclusive and binding as to all questions of fact. Ind.Code § 22–4–17–12(a). Review Board decisions may, however, be challenged as contrary to law, in which case the reviewing court examines the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts. Ind.Code § 22–4–17–12(f). Under this standard, we review determinations of specific or basic underlying facts, conclusions or inferences drawn from those facts, and legal conclusions. *McClain v. Review Bd. of the Ind. Dep't of Workforce Dev.,* 693 N.E.2d 1314, 1317 (Ind.1998).

"When reviewing a decision by the Review Board, our task is to determine whether the decision is reasonable in light of its findings. *Abdirizak v. Review Bd. of Dept. of Workforce Development*, 826 N.E.2d 148, 150 (Ind.Ct.App.2005). Our review of the Review Board's findings is subject to a "substantial evidence" standard of review. *Id.* In this analysis, we neither reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the Review Board's findings. *Id.* Further, we will reverse the decision only if there is no substantial evidence to support the Review Board's findings. *Id.*"

*Davis v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 488, 492 (Ind. Ct. App. 2009).

An individual may not receive unemployment compensation benefits if he voluntarily left his most recent employment without good cause. Ind. Code § 22-4-15-1(a). The employee's reason for terminating employment must be objective and job related. *Davis*, 900 N.E.2d at 492. Purely subjective reasons for voluntary termination, such as domestic obligations, will not be considered good cause. *Gray v. Dobbs House, Inc.*, 357 N.E.2d 900, 907 (Ind. Ct. App. 1976)

Claimant claims that the December weather was a factor in addition to his family responsibilities and contends that the Review Board erred in determining the reason he left his job. *Appellant's Br.* at 9. The purpose of the Unemployment Compensation Act ("Act") is to provide benefits to those who are involuntarily out of work, through no fault of their own, for reasons beyond their control. *Brown v. Ind. Dep't of Workforce Dev.*, 919 N.E.2d 1147, 1150 (Ind. Ct. App. 2009). This court has noted that while parental obligations "no doubt constitute good personal reason[s] for termination of employment, they

nevertheless lack the objective nexus with employment envisioned by the Act." *Id.* at 1152 (quoting *Gray*, 357 N.E.2d at, 903).

[11] None of Claimant's reasons for quitting his job are job-related. First, transportation was not a job-related task required by Employer, and the weather's effect on Claimant's commute is not a job-related reason to leave his employment. Further, Claimant quit due to family-related personal reasons. *Tr.* at 6. Familial obligations are inherently personal and subjective.

[12] Employer recorded Claimant's departure as a layoff because Claimant was a good employee, not because a layoff occurred. *Ex. Vol.* at 17. This recording was not accurate. If the Claimant had actually been laid off, Claimant would have been eligible for unemployment benefits under the Act. Claimant stated repeatedly that he quit because of personal and family reasons and that he was not laid off. *Tr.* at 6; *Appellant's Br.* at 9.

[13] Claimant voluntarily terminated his employment for reasons that were not related to his job. As a result, he was ineligible for unemployment benefits.

[14] Affirmed.

Vaidik, C.J., and Altice, J., concur.